PHILLIPS *v.* UNEMPLOYMENT COMPENSATION
COMMISSION.

1. UNEMPLOYMENT COMPENSATION—BENEFITS.

In order to be entitled to benefits under the unemployment compensation act, an individual must be unemployed (Act No. 1, § 28, Pub. Acts 1936 [Ex. Sess.], as amended by Act No. 9, Pub. Acts 1944 [1st Ex. Sess.]).

2. SAME—EMPLOYMENT PROTECTED—CONSTRUCTION OF STATUTES.

The unemployment compensation act specifies to what employment the obligations and benefits under the act are applicable and does not declare persons engaged in types of employment not covered by the protective provisions of the act unemployed and therefore eligible, under certain provisions, to compensation (Act No. 1, § 2, Pub. Acts 1936 [Ex. Sess.]).

3. SAME—BENEFITS—GAINFUL EMPLOYMENT.

It is inconsistent with the purpose of the unemployment compensation act that benefits be granted thereunder to one gainfully employed in a type of employment, with certain exceptions, not covered by the act (Act No. 1, § 2, Pub. Acts 1936 [Ex. Sess.]).

4. SAME—SELF-EMPLOYMENT—DISQUALIFICATION FOR BENEFITS.

An individual is disqualified for benefits under the unemployment compensation act where he has failed without good cause to return to his customary self-employment, if any, when so directed by the commission (Act No. 1, § 29, Pub. Acts 1936 [Ex. Sess.], as amended by Act No. 246, Pub. Acts 1943).

5. SAME—PRACTICE OF PROFESSION.

An individual who is engaged in rendering service for remuneration or who devotes his time to the practice of a pro-

---

REFERENCES FOR POINTS IN HEADNOTES

[1–9] 48 Am. Jur., Social Security, Unemployment Insurance, et cetera, § 34.

fession by which a living is customarily earned, such as the practice of law, cannot be said to be unemployed (Act No. 1, § 28, Pub. Acts 1936 [Ex. Sess.], as amended by Act No. 9, Pub. Acts 1944 [1st Ex. Sess.]).

6. SAME—ELIGIBILITY FOR BENEFITS—TOTAL UNEMPLOYMENT—REMUNERATION EARNED.

In determining eligibility of an individual to benefits under the unemployment compensation act with respect to provision defining total unemployment for a week during which he earned no remuneration in excess of $3 a week, the test is remuneration earned, not remuneration received (Act No. 1, § 48, Pub. Acts 1936 [Ex. Sess.], as amended by Act No. 246, Pub. Acts 1943).

7. SAME—ELIGIBILITY FOR BENEFITS—BURDEN OF PROOF.

One claiming benefits under the unemployment compensation act has the burden of proving his eligibility therefor (Act No. 1, § 48, Pub. Acts 1936 [Ex. Sess.], as amended by Act No. 246, Pub. Acts 1943).

8. SAME—ELIGIBILITY FOR BENEFITS—BURDEN OF PROOF—EVIDENCE —PRACTICE OF LAW.

Lawyer who resumed practice of law upon being laid off work at manufacturing plant and showed receipts of $31 and expenses of $61.71 during first 7 weeks of 20-week period during which benefits under unemployment compensation act were claimed, did not sustain burden of proof that he was entitled to such benefits, where it appeared he spent from 8 to 12 hours a day at his law office, as his efforts may well have earned fees paid at a subsequent date (Act No. 1, § 48, Pub. Acts 1936 [Ex. Sess.], as amended by Act No. 246, Pub. Acts 1943).

9. SAME—CONSTRUCTION OF STATUTES—PROFESSIONAL PRACTICE.

The unemployment compensation act was not intended to guarantee an excess of receipts over disbursements in a professional practice where practitioner returned to practice after being laid off at manufacturing plant (Act No. 1, § 48, Pub. Acts 1936 [Ex. Sess.], as amended by Act No. 246, Pub. Acts 1943.)

10. SAME—PUBLIC QUESTION—COSTS—ATTORNEY WHO RETURNS TO PRACTICE.

No costs are allowed in proceeding to determine whether or not lawyer who had been employed in a manufacturing plant and was laid off and returned to self-employment, where he does not appear to have made expenses, was entitled to ben-

efits under unemployment compensation act, a public question being involved (Act No. 1, § 2, Pub. Acts 1936 [Ex. Sess.]; § 28, as amended by Act No. 9, Pub. Acts 1944 [1st Ex. Sess.]; §§ 29, 42, 48, as amended by Act No. 246, Pub. Acts 1943).

Appeal from Kent; Brown (William B.), J. Submitted October 13, 1948. (Docket No. 77, Calendar No. 44,207.) Decided December 17, 1948.

Certiorari by Pleasant I. Phillips to review decision of Appeal Board of Michigan Unemployment Compensation Commission denying him unemployment compensation. Decision affirmed. Plaintiff appeals. Affirmed.

*Pleasant I. Phillips*, in pro. per.

*Eugene F. Black*, Attorney General, *Edmund E. Shepherd*, Solicitor General, and *Edward Coughlin*, Assistant Attorney General, for defendant.

DETHMERS, J. Plaintiff, an attorney engaged in the practice of law since the year 1900, was employed by defendant Winters & Crampton Corporation as a worker in its manufacturing plant rather steadily from August 12, 1944, until October 6, 1947, when he was laid off due to lack of work. He continued in the practice of law, maintaining a law office in which he spent from 8 to 12 hours per day. On October 7, 1947, he registered for unemployment benefits and received $20 per week for five weeks whereupon a determination and subsequent redetermination were made that plaintiff, by reason of his law practice, was employed from and after October 7th, and he was denied compensation and required to make restitution of the $100 theretofore received. Plaintiff took successive appeals to the referee, the

appeal board, and, by certiorari, to the circuit court, and from the latter's adverse decision appeals here.

The record shows that during the seven weeks from October 7 until November 25, 1947, receipts in plaintiff's law office were $10 the first week, $5 the second week, nothing the third, $1 the fourth, and $5 in each of the next 3 weeks, for a total of $31, with disbursements for office expenses during that 7-week period totalling $61.71. The record is silent as to receipts and disbursements during the remainder of the 20-week period here involved. Plaintiff stated before the appeal board that he only made expenses in his law practice. It appears that there were 2 pending divorce cases and other legal matters to which plaintiff gave attention during the period involved.

Plaintiff contends that he is entitled to compensation because he has complied with all the requirements of section 28 of the Michigan unemployment compensation act (Act No. 1, Pub. Acts 1936 [Ex. Sess.], as amended [Comp. Laws Supp. 1940, 1945, § 8485–41 *et seq.,* Stat. Ann. 1947 Cum. Supp. § 17.501 *et seq.*]). Assuming, as the referee did, that plaintiff has met the eligibility conditions of all the subsections of that section, we cannot overlook the fact that section 28 * begins as follows: "An *unemployed* individual shall be eligible."

Was plaintiff an "unemployed individual" after October 6, 1947, while practicing law?

Plaintiff points to the definition of the term "employment" in section 42 † of the act as "service * * * performed for remuneration" with the provision that it "shall not include: * * * Service performed in a purely professional capacity, not

---

* As amended by Act No. 9, Pub. Acts 1944 (1st Ex. Sess.) (Comp. Laws Supp. 1945, § 8485–68, Stat. Ann. 1947 Cum. Supp. § 17.530).—REPORTER.

† As amended by Act No. 246, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 8485–82, Stat. Ann. 1947 Cum. Supp. § 17.545).—REPORTER.

in the nature of permanent employment." He further directs attention to the commission's power to make rules and regulations, not inconsistent with the act, which shall have the force and effect of law, and to the fact that the commission, in the exercise of such power, has adopted regulation 110 providing that every individual is an employee if the legal relationship of employer and employee exists between him and the person for whom he performs service. Plaintiff then urges (1) that because practice of law involves only performance of services in a professional capacity it is not included within the term "employment" in the above statutory definition and, therefore, he must be held, within the meaning of the act, to be unemployed and entitled to compensation while thus engaged; (2) that in his practice of law no employer-employee relationship exists between him and any other person and he is therefore not an employee within the meaning of regulation 110 and is, consequently, unemployed and entitled to compensation.

The section 42 definition of the term "employment" serves only to specify to what employment the obligations and benefits under the act are applicable. The act contains no expression of legislative intent to declare persons engaged in types of employment not covered by the protective provisions of the act unemployed and therefore eligible, under certain conditions, to compensation. That the legislature did not so intend is apparent from section 2 in which the purpose of the act is declared to be, *inter alia,* the prevention of insecurity due to unemployment and the accumulation of funds to provide benefits for unemployed persons in order to maintain their purchasing power. Such purpose does not include, nor is it consistent with, the idea of granting benefits to one gainfully employed in a type of employment not covered by the act, such

as rendering domestic, agricultural or professional services for remuneration.. Had the legislature so intended, it would have been unnecessary to provide, as was done in section 48,* that remuneration earned in agricultural labor shall be disregarded for the purpose of determining eligibility for total or partial unemployment benefits. Furthermore, the provision of section 29 † that an individual shall be disqualified for benefits in all cases where he has failed without good cause to return to his customary self-employment, if any, when so directed by the commission, would be utterly pointless if an individual who did return to his customary self-employment, such as the practice of law, were held to be entitled to receive total unemployment benefits.

We believe that the words "unemployed individual" are used in section 28 in their ordinarily accepted sense and that, taken in that light, one who is engaged in rendering service for remuneration or who devotes his time to the practice of a profession by which a living is customarily earned cannot be said to be unemployed.

Plaintiff also relies on the provision of section 48 that prior to January 1, 1948, "an individual shall be deemed 'totally unemployed' in any week during which he *earns* no remuneration in excess of $3." As above noted, plaintiff handled two divorce cases and other legal matters. A mere showing of receipts and disbursements during the first seven of the 20 weeks here involved does not serve to establish what he earned in any one or more of the 20 weeks. Remuneration earned, not remuneration received, is the test under this section. Efforts expended in those weeks may well have earned fees paid at a

* As amended by Act No. 246, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 8485–88, Stat. Ann. 1947 Cum. Supp. § 17.552).—REPORTER.
† As amended by Act No. 246, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 8485–69, Stat. Ann. 1947 Cum. Supp. § 17.531).—REPORTER.

subsequent date, a thing not at all unusual in a law practice. Plaintiff's statement that he only made his expenses does not suffice. The act was not intended to guarantee an excess of receipts over disbursements, over which the practitioner has exclusive control, in a professional practice. The burden was on plaintiff to prove his eligibility under section 48. *Dwyer* v. *Unemployment Compensation Commission,* 321 Mich. 178. From the record it does not appear that he sustained that burden.

The order of the circuit court affirming the decision of the appeal board denying plaintiff benefits is affirmed, without costs, a public question being involved.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, BUTZEL, and CARR, JJ., concurred.