351 P.2d 477

Ilif CAHOON, Claimant-Appellant,

v.

EMPLOYMENT SECURITY AGENCY, Respondent.

No. 8839.

Supreme Court of Idaho.

April 26, 1960.

P. A. McDermott, Pocatello, for appellant.

Frank L. Benson, Atty. Gen., John W. Gunn, Sp. Asst. Atty. Gen., John L. Long and Jedd G. Owens, Asst. Attys. Gen., for respondent.

KNUDSON, Justice.

Appellant, a carpenter by trade, filed claim for unemployment benefits in the Pocatello office of the Employment Security Agency on December 8, 1958. Initial de-termination was entered by the agency on December 11, 1958, holding appellant in-eligible, stating the following reasons there-for:

"On January 7, 1952, it was deter-mined you had failed to properly re-port wages earned when claiming bene-fits and as a result had falsely claimed and received benefits in the amount of $114, which must be returned. You ig-nored this determination. On De-cember 22, 1953, you filed another claim but was determined ineligible due to your indebtedness.

"You will remain ineligible on all future claims until this indebtedness of $114 has been liquidated."

On December 15, 1958 appellant paid the agency, as benefit refund, the sum of $114 following which appellant's current claim was allowed, effective December 21, 1958. Following the statutory waiting week, bene-fits were thereafter paid to appellant for each week through April 25, 1959. On May 5; 1959, a business agent of the appel-lant's Union gave the agency information indicating that the appellant was, and had been for some time employed. At an inter-view had on said last mentioned date, ap-pellant stated:

"Off and on this past winter I have been working on a new house for Bernice Dayley. I owed Mrs. Dayley about $500 and I have been working

out this indebtedness. I started on the house around January. I did not understand that the credit to any indebtedness would be considered as income. I finished the house about a month ago or around the 5th of April."

On May 8, 1959, a determination, based upon the information next above quoted, was entered by the agency as follows:

"Since you were not unemployed and since you willfully withheld pertinent information to obtain benefits it is determined that you were ineligible for benefits effective December 27, 1958, and that benefits you received from that date through April 4, 1959, constitute over payment which must be refunded before you will be eligible for any additional benefits."

Appellant requested a redetermination contending that he did not believe that working out a debt is, or should be, considered as earnings; also that he did not go to work on the house involved until sometime around the middle of January. A decision upon the redetermination was filed on May 21, 1959, sustaining the original determination. Timely appeal was filed by appellant and on June 10, 1959, a hearing was duly noticed and held before appeals examiner G. H. Oram at which time appellant appeared and testified. The decision of the appeals examiner is dated July 10, 1959 sustaining the former determination in which it is determined that the amount of $560 is immediately payable by appellant to the Employment Security Fund as a refund of benefits illegally received by appellant for the period intervening December 27, 1958 and April 4, 1959.

A request for review by the Industrial Accident Board was regularly and duly filed. No additional testimony was offered to or received by the Board. The order of the Board dated September 21, 1959 affirmed the decision of the appeals examiner except as to the effective date which the Board fixed as January 11, 1959 instead of December 27, 1958. This appeal is from said order.

■ Appellant contends that while he was working on Mrs. Dayley's house he was neither employed nor self-employed within the meaning of the Employment Security Law. I.C. § 72–1328(a) provides:

"The term 'wages' means all remuneration for personal services from whatever source, including commissions and bonuses and the cash value of all remuneration in any medium other than cash. The reasonable cash value of remuneration in any medium other than cash shall be estimated and determined in accordance with rules prescribed by the board."

Although appellant did not disclose at what rate he was being given credit for his serv-

ices, he did state that he owed Mrs. Dayley $500 for room and board for himself and his 17-year old son provided them between the dates of July 19, 1958 and June 5, 1959, and that his work on said house was in payment of that account. Appellant was, according to his own statements, performing services for which he was given credit upon an existing debt. The fact that he was not paid in cash for services is not the controlling factor in determining employment. It will be noted that said I.C. § 72–1328(a) provides that "the cash value of all remuneration in any medium other than cash" constitutes "wages" under the law here involved. Remuneration earned, not remuneration received, is the test under this section. The fact that appellant, as a result of his services, retired an existing indebtedness, he received wages within the meaning of said statute. Phillips v. Michigan Unemployment Compensation Comm., 323 Mich. 188, 35 N.W.2d 237; Hatch v. Employment Security Agency, 79 Idaho 246, 313 P.2d 1067, 65 A.L.R.2d 1174.

■ For the purpose of rebutting appellant's contention that there is no showing of willful non-disclosure on his part, respondent calls attention to the following facts which are disclosed by the record:

Appellant admits that he received and read the "Identification Booklet" which was given him at the time he applied for benefits wherein it is stated: "room and board or other payments in kind are earnings and the monetary value of such payments must be reported * * *".

Appellant, on a former occasion, had been required to refund benefits improperly received by him.

Appellant admitted that at the time he was working on the house he and the owner Mrs. Dayley were contemplating marriage and that they were married about five days prior to the hearing before the appeals examiner; that although the former Mrs. Dayley attended said hearing pursuant to subpoena, she refused to testify relative to the work appellant did on her house and claimed such privilege under I.C. § 19–3002.

■ Appellant contends that the Board should have given him credit for part time work equal to one-half his weekly benefit amounting to $20. In support of his contention appellant cites I.C. § 72–1367(e) which provides:

"If in any compensable week the total wages payable to such individual for less than full-time work performed in such week exceed one-half of his weekly benefit amount as shown in Part C of the foregoing table, the excess shall be deducted from his weekly benefit amount. Such excess if not a multiple of a dollar, shall be computed to the next higher multiple of a dollar."

**230**

The only evidence introduced tending to disclose how much time the appellant devoted to working on the Dayley house was furnished by appellant. It is true that he testified he worked only part time between January 15, 1959 and April 5, 1959, but it is also a fact that he did not furnish information as to specific days or hours during which he worked, nor did he specify at what wage he was being credited or compensated, nor whether it was by the hour, day or month. The following are excerpts from appellant's testimony as to the time he worked on said house:

"Q. And ah * * * ah * * * When did you start to work on the house? A. Oh, it was about the middle of January.

"Q. Is that January of '59? A. Yes.

"Q. All right. And as * * * How long did you work on it? A. Well, we just worked * * * off and on, whenever the weather permits * * *

"Q. Just part-time then? A. Part-time.

* * * * * *

"Q. You were thinking about it. Is that right? Now, do you have any idea * * * how many * * * how many hours, or how much time * * * you * * * worked on this construction? A. No * * * we didn't keep track of any time.

"Q. Ah * * * you didn't work on it every day, did you? A. No.

* * * * * *

"Q. In April? Sometime. At what time, ordinarily, did you start work on this house * * * in the * * * on each day? A. About the 15th of January.

"Q. No, I mean, each morning, we'll say. A. Oh * * * Oh, there wasn't any specified time we went to work.

* * * * * *

"Q. I see. Well, could you tell me the agreement between yourself and Mrs. Dayley regarding as * * * the building of this house? How did it work up to it, or anything like that? Just, start from the beginning, if you could. A. Well, I don't think we had any * * * kind of an agreement * * * only on the board and room.

"Q. Only on the board and room. You just built the house for board and room. Is that the idea of the whole thing? A. Yes.

"Q. And ah * * * you haven't any idea how many days a week you put in on it, or how many hours? A. No, we never kept track of any hours.

"Q. Mmm hmm. Well, did you work all day, one day a week? Or all day, two days a week? A. Oh, sometimes maybe work a couple of days * * *

"Q. And when the weather was bad, you didn't work on it. Is that it? A. * * * whenever the weather permitted."

 There is no evidence in the record which could be referred to and used by the Board in determining how much appellant earned each or any particular week during the period he worked on said house. The burden of furnishing evidence from which it can be determined what amount, if any, appellant should have been credited with for part time work, is upon appellant. Likewise it is the burden of appellant to establish his eligibility for compensation benefits whenever his claim to such benefits is questioned. Doran v. Employment Security Agency, 75 Idaho 94, 267 P.2d 628; Talley v. Unemployment Compensation Div., 63 Idaho 644, 124 P. 2d 784; Claim of Sapp, 75 Idaho 65, 266 P.2d 1027.

 Appellant assigns as error the ruling of the Board directing repayment to the Employment Security Fund of the amount of benefits received by appellant between the dates of January 11 and April 5, 1959. Appellant contends that it is discretionary with the director as to whether refund will be required or waived. I.C. § 72-1368(m) provides:

"Any person who, by reason of nondisclosure or misrepresentation by him or by another of a material fact (irrespective of whether such nondisclosure or misrepresentation was fraudulent), has received any sum as benefits under this act to which he was not entitled shall, at the discretion of the director, be liable to repay such sum to the director for the employment security fund, or, if the existence of such nondisclosure or misrepresentation has been found by a court of competent jurisdiction or in connection with a redetermination or appeal pursuant to this section, shall be liable to have such sums deducted from any future benefits payable to him under this act. In any case in which, under this subsection, a claimant is liable to repay to the director any sum for the employment security fund, such sum shall be collectible without interest by civil action in the name of the state of Idaho."

In the instant case the Board found that appellant received benefits for the period of twelve weeks to which he was not entitled by reason of non-disclosure of a material fact. Such finding is supported by competent evidence. The foregoing quoted statute clearly provides that under such

circumstances "at the discretion of the director" such person shall be liable for repayment or shall be liable to have such sums deducted from any future benefits payable to such person. Appellant's said contention is correct and unless the director directs repayment or deduction from future benefits repayment would be waived. See Hatch v. Employment Security Agency, supra; I.C. § 72–1368(m).

 In appeals such as here involved the jurisdiction of this Court is limited to a review of questions of law. I.C. § 72–1368(i).

The Industrial Accident Board correctly found that "by reason of such non-disclosure he became liable under such § 72–1368 to repay the benefits he had received". However its order is confusing in that it also affirms the decision of the appeals examiner which in substance directs immediate repayment of the sum of $560. The Board having modified the decision of the appeals examiner as to the effective date, it follows that appellant is, in the discretion of the director, liable to repay the sum of $480 or have such amount deducted from any future benefit payments to him.

The order of the Board as modified is affirmed and the cause remanded with instructions to the Industrial Accident Board to accordingly modify its order as to amount and repayment. Costs to respondent.

TAYLOR, C. J., and SMITH, Mc-QUADE and McFADDEN, JJ., concur.