500 P.2d 825

**Gerald E. NORTON, Claimant-Appellant,**

v.

**DEPARTMENT OF EMPLOYMENT,**
Defendant-Respondent.

No. 11020.

Supreme Court of Idaho.

July 14, 1972.

Rehearing Denied Sept. 15, 1972.

Carl M. Buell, St. Maries, for claimant-appellant.

R. LaVar Marsh, Asst. Atty. Gen., Boise, defendant-respondent.

DONALDSON, Justice.

On April 29, 1965, the Idaho Department of Employment notified the appellant, Gerald E. Norton, that it had determined that he had previously obtained unemployment benefits under false pretenses and therefore was indebted to the Department in the amount of $540.00. According to the Department, this special redetermination was issued upon discovering that the appellant had, in November of 1964, used his brother's name and social security number as his own in filing a claim for unemployment benefits; on the basis of his brother's eligibility, the appellant received $540.00 in benefits to which he was not entitled. Since an appeal was not filed by the appellant within fourteen days after notice was served, the redetermination issued in April of 1965 became final. I.C. § 72–1368(d). Furthermore, according to section 72–1368(k), Idaho Code, "[a]ny right, fact, or matter in issue, directly based upon or necessarily involved in a * * * redetermination * * * which has become final, shall be conclusive for all the purposes of this act as between the interested parties who had notice of such * * * redetermination * * *." Therefore, since the appellant is asserting a right to benefits under "this act," we must, for the purposes of deciding this case, assume that the appellant misrepresented his identity and thereby obtained benefits to which he was not entitled.

In 1969, the appellant again applied for unemployment benefits, this time under his own name. In response, the Department of Employment issued a determination that the appellant was ineligible for benefits because he was indebted to the employment security fund in the amount of $540.00. The benefits denied in 1969 are not at issue in this case, for the appellant did not request a redetermination and, therefore,

the determination denying these benefits became final. I.C. § 72–1368(c).

In February, 1971, the appellant applied for the unemployment benefits which are the subject of the instant litigation. The Department of Employment again denied benefits on the ground that the appellant was indebted to the Department in the amount of $540.00, according to the 1965 determination. Upon timely appeals, this determination was affirmed by redetermination, by decision of an appeals examiner, and by an order of the Industrial Accident Board. The case was then brought before this Court.

The merits of the appellant's claim for unemployment benefits have never been resolved; that is, it has not been determined whether, aside from his indebtedness, the appellant had, at the time of his application, satisfied the other personal eligibility conditions set out in Idaho Code section 72–1366.

In denying the appellant any benefits whatsoever and in refusing to offset what he owes against benefits to which he would otherwise be entitled, the Department of Employment relies upon the following subsection of the Idaho employment security law:

"72–1366. Personal eligibility conditions. —The personal eligibility conditions of a benefit claimant are that—

* * * * * *

(g) He has not been found to be indebted to the employment security fund pursuant to the provisions of section 72–1368(l), Idaho Code."[1]

Section 72–1368(l) reads as follows:

"Any person who, by reason of non-disclosure or misrepresentation by him or by another of a material fact (irrespective of whether such non-disclosure or misrepresentation was fraudulent), has

1. I.C. § 72–1366(g) was amended by the 1972 Legislature to read as it appears in the text. S.L.1972, Ch. 344, Sec. 4, p. 1006. Although the amendment did not change the law in any way relevant

to the facts presented here, it did eliminate an inconsistency in intersectional lettering; hence, in the interest of clarity, the amended version is used in this opinion.

received any sum as benefits under this act to which he was not entitled shall, at the discretion of the director, be liable to repay such sum to the director for the employment security fund, or, if the existence of such non-disclosure or misrepresentation has been found by a court of competent jurisdiction or in connection with a redetermination or appeal pursuant to this section, shall be liable to have such sums deducted from any future benefits payable to him under this act. In any case in which, under this subsection, a claimant is liable to repay to the director any sum for the employment security fund, such sum shall be collectible without interest by civil action in the name of the state of Idaho."

The respondent Department of Employment contends that the appellant has been found to be indebted pursuant to the provisions of section 72–1368(*l*) and that he is therefore ineligible for benefits, according to section 72–1366(g).

Two questions must be resolved in this case: (1) Does an indebtedness, the collection of which would be barred by the statute of limitations, render the debtor ineligible for benefits within the meaning of section 72–1366(g)? (2) Does section 72–1366(g) give the Department of Employment the power to deny benefits to a claimant until the sum owed to the Department by him has been repaid in cash? We answer the first question in the affirmative and the second in the negative. In other words, (1) whether or not the debt is enforceable by civil action, it may be offset against any future benefits payable to the debtor; but (2) any benefits denied on account of the debt must be credited against the amount owing by the benefit claimant.

■ In any case in which the recipient of unemployment benefits is liable to repay any sum, such sum is collectible by civil action in the name of the state of Idaho. I.C. § 72–1368(*l*). Section 5–225, Idaho Code, provides:

"*Limitations apply to state.*—The limitations prescribed in [title 5, chapter 2, Idaho Code (Limitations of Actions)] apply to actions brought in the name of the state, or for the benefit of the state, in the same manner as to actions by private parties."

An action to recover unemployment benefits fraudulently obtained may be regarded either as an action upon a liability created by statute or as an action for relief on the ground of fraud; the three-year period of limitation prescribed in section 5–218 is applicable to either type of action. Therefore, an action to collect benefits fraudulently received must be commenced within three years after the cause of action accrues. *Cf.* Malleis v. Michigan Employment Security Com'n, 340 Mich. 78, 64 N. W.2d 663 (1954); People v. Duggan, 30 A.D.2d 736, 291 N.Y.S.2d 582 (1968). However the action is characterized in this case, the period of limitation had expired by the time the appellant, in 1971, applied for the unemployment benefits at issue here. In the proceedings below, the appellant contended, and he contends here, that since the period of limitation had expired, he was not, in 1971, "indebted" to the employment security fund but rather was fully eligible for benefits as if he had never been found to have unlawfully received benefits; he also argues that the Department of Employment should be prohibited from enforcing the debt in any manner after the statute has run.

■ The Industrial Accident Board ruled that although the three-year period of limitation prescribed in section 5–218 had elapsed since the 1965 determination, the effect of the expiration of this period was not to erase the debt but merely to bar a suit for repayment. There, the Board concluded that the debt had not been eliminated and that the appellant remained indebted to the employment security fund in the amount of $540.00. We agree with the Board's conclusion that the running of the statute of limitations did not extinguish the

underlying debt. Joseph v. Darrar, 93 Idaho 762, 472 P.2d 328 (1970); Hirning v. Webb, 91 Idaho 229, 419 P.2d 671 (1966).

We cannot agree, however, that once the Department of Employment orders a claimant to repay any sum, no future benefits are thereafter payable to him unless that sum has first been repaid by him in cash (as contrasted to being repaid through deductions from future benefits to which he would otherwise be entitled).

 The respondent's position is that under sections 72–1366(g) and 72–1368(l), a benefit claimant who has previously obtained benefits to which he was not entitled is disqualified until he has repaid the same and, therefore, there are no benefits payable to him against which his indebtedness can be offset. The respondent's interpretation of these statutory provisions is untenable. Section 72–1366(g) makes a benefit claimant ineligible if he has been found to be indebted "pursuant to the provisions of section 72–1368(l), Idaho Code." [2]

Where one statute adopts particular provisions of another by reference thereto, the effect is the same as though the adopted provisions were written into the adopting statute. Boise City v. Baxter, 41 Idaho 368, 378, 238 P. 1029 (1925); People ex rel. Gutknecht v. City of Chicago, 3 Ill.2d 539, 121 N.E.2d 791 (1954); Reome v. Edwards, 226 Ind. 229, 79 N.E.2d 389 (1948); Egbert v. City of Dunseith, 74 N.D. 1, 24 N.W.2d 907 (1946); 2 J. Sutherland, Statutory Construction § 5208 (3d ed. F. Horack 1943). Therefore, section 72–1366(g) must be read as though section 72–1368(l) were written into it. Under the provisions of section 72–1368(l), a person who is indebted to the employment security fund may extinguish his debt either by (1) repaying the sum due *or* by (2) having the sum due "deducted from any future benefits payable to him under this act." The respondent argues, in essence, that because section 72–1366(g) renders the indebted claimant ineligible, there are no "future benefits *payable·to him.*" This reading of

---

2. Unlike I.C. § 72–1366(g), most comparable statutory provisions limit ineligibility to a certain period of time (or to a certain amount of benefits or wage credits forfeited) and thus may be more easily reconciled with other statutory provisions authorizing deductions from future benefits (which accrue after the period of ineligibility has passed). Under such a statutory scheme, a period of ineligibility is imposed as a penalty, which is applicable even though no fraudulently obtained benefits remain to be recovered or even though none were actually paid because the misrepresentation was discovered initially. Such a scheme is contained in the following statutes from other jurisdictions: Ariz.Rev.Stat. §§ 23–778, 23–787; Ark.Stat. §§ 81–1106 (h), 81–1107(f); Del.Code, Tit. 19, §§ 3315, 3384; D.C.Code § 46–319(d), (e); Ga.Code §§ 54–648.1, 54–648.2; Hawaii Rev.Stat. §§ 383–3(5), 383–44; Ind.Code §§ 22–4–13–1, 22–4–16–1; Md.Code Art. 95A, § 17(e); Mich.Comp.Laws § 421.54; Miss.Code §§ 7379, 7437; Mo.Rev.Stat. § 288.380; Mont.Rev.Codes § 87–145; Neb. Rev.Stat. §§ 48–663.01, 48–665; Nev. Rev.Stat. § 612.445; N.H.Rev.Stat. 282:-14; N.J.Stat. 43:21–5(g) (1), 43:21–16 (d); N.C.Gen.Stat. § 96–18(d), (e); N.D.Century Code §§ 52–06–02. 52–06–

33; Okl.Stat., Tit. 40, §§ 214(f), 216 (f); Or.Rev.Stat. §§ 657.215, 657.310; 43 Pa.Stat. §§ 871, 874; R.I.Gen.Laws §§ 28–42–68, 28–44–24; S.C.Code § 68–403; S.D.Comp.Laws §§ 61–6–22, 61–6–23; Tenn.Code §§ 50–1324, 50–1354; Tex.Stat. art. 5221b–14(d), (e); Utah Code §§ 35–4–5(e), 35–4–6(d); Vt.Stat., Tit. 21, § 1347; Va.Code §§ 60.1–132, 60.1–134; Wash.Rev.Code §§ 50.20.070, 50.20.190; W.Va.Code of 1961 § 2366 (78) (10), 2366(151); Wyo.Stat. §§ 27–27, subd. F, 27–37, subd. A, par. II.

Our research discloses only one provision (Colo.Rev.Stat. § 82–11–1(1) (b)) which, before its amendment in 1965, was in seemingly irreconcilable conflict with another provision (§ 82–11–1(4)) of the same act. Before it was amended in 1965, Colo.Rev.Stat. § 82–11–1(1) (b) provided in pertinent part that "until such amounts [fraudulently obtained] are repaid the claimant shall be entitled to no benefits under this chapter," while § 82–11–1(4) provided that such sum could be "deducted from any future benefits payable to him under this chapter." We have been unable to find any Colorado cases noting this inconsistency, but perhaps the legislature sought to eliminate it by the 1965 amendment.

section 72–1366(g) eliminates rather than incorporates the provisions of section 72–1368(*l*). If, as the respondent contends, no future benefits are payable to an in-debted claimant, then he can hardly "be liable to have such sums deducted from any future benefits payable to him under this act," as provided by section 72–1368(*l*). Thus, the respondent's interpretation renders nugatory a substantial portion of section 72–1368(*l*), contrary to the elementary rule that a statute should be construed so that effect is given to all its provisions, so that no part thereof will be inoperative or superfluous, void or insignificant, and so that one section will not destroy another. 2 J. Sutherland, Statutory Construction § 4705 (3d ed. F. Horack 1943); *see* State v. Alkire, 79 Idaho 334, 317 P.2d 341 (1957); Wright v. Village of Wilder, 63 Idaho 122, 117 P.2d 1002 (1941). It is our conclusion that a benefit claimant is "indebted to the employment security fund pursuant to the provisions of section 72–1368(*l*), Idaho Code," only when he has *neither* repaid the amount unlawfully received·*nor* had future benefits payable to him withheld in an amount equal to the amount owing. Hence, section 72–1366(g) renders a benefit claimant ineligible for benefits (pursuant to the provisions of section 72–1368(*l*)) only until he has *either* repaid the amount owing *or* had future benefits payable to him withheld in an amount equal to the amount owing.

■ Relying upon Cahoon v. Employment Security Agency, 82 Idaho 224, 351 P.2d 477 (1960), the Department of Employment submits that under section 72–1368(*l*), its director has discretion to permit an offset against future benefits payable or, in the alternative, to require repayment of benefits *and in that event to*

*refuse to offset the amount owing against any future benefits payable.*[3] This is not, however, what section 72–1368(*l*) provides; what it does provide is that "*if the existence of such non-disclosure or misrepresentation has been found by a court of competent jurisdiction or in connection with a redetermination or appeal pursuant to this section,* [the indebted claimant] shall be liable to have such sums deducted from any future benefits payable to him under this act." Under this provision, the director may not deduct any amount from future benefits payable unless the above-emphasized condition is fulfilled. Where, as here, it is fulfilled, then the indebted claimant is liable to have what he owes deducted from future benefits payable or "shall, in the discretion of the director, be liable to repay such sum." In other words, the director may either sue for repayment or (in an appropriate case) deduct the amount owed from future benefits payable; but nothing in section 72–1368(*l*) indicates that the director may, when he has decided to require repayment, withhold *all* future benefits payable to the indebted claimant and refuse to reduce the amount owing by the amount of benefits withheld. To summarize, where the director, in his discretion, has decided to require repayment, the amount owed "shall be collectible without interest by civil action in the name of the state of Idaho"; "or, if the existence of such non-disclosure or misrepresentation has been found by a court of competent jurisdiction or in connection with a redetermination or appeal pursuant to this section," he may withhold future benefits payable to the indebted claimant until the amount owing has been satisfied. I.C. § 72–1368(*l*).

Because the Department of Employment may have withheld benefits from the ap-

3. Our research discloses that only one other jurisdiction, Ohio, has a statute which clearly gives to the administering authority the discretion asserted by the Idaho Department of Employment in this case. Section 4141.35(A) (3) of the Ohio Revised Code provides that where a person has fraudulently obtained bene-fits, the administrator of the bureau of employment services shall require that the amount unlawfully received "be repaid to the bureau of employment services before such person may become eligible for further benefits or shall withhold such sums from future benefit payments accruing to such claimant."

pellant in an amount greater than the amount owing by the appellant, the order of the Industrial Accident Board must be reversed. We once again emphasize that this appeal involves only a determination of the appellant's right to benefits in 1971 (and not in 1969). We also point out that the appellant may be entitled to no benefits at all for some reason entirely unrelated to his indebted status; for example, he may have left his employment voluntarily without good cause, he may have failed to register for work, or he may have failed to satisfy some other personal eligibility condition set forth in section 72-1366, Idaho Code. The merits of his 1971 claim for benefits and the amount, if any, improperly denied on the ground of indebtedness to the employment security fund must be determined upon further proceedings in accordance with the views expressed herein.

Reversed and remanded. Costs to appellant.

McQUADE, C. J., and McFADDEN, SHEPARD and BAKES, JJ., concur.