736 P.2d 1324

**Glenn O'DELL, SSN 518–54–8625, Claimant-Appellant,**

v.

**J.R. SIMPLOT COMPANY, Employer-Respondent,**

**and**

**State of Idaho, Department of Employment, Respondent.**

**No. 16433.**

Supreme Court of Idaho.

April 17, 1987.

William L. Mauk (argued), and W. Craig James, Skinner, Fawcett & Mauk, Boise, for claimant-appellant.

James F. Kile, Boise, for employer-respondent J.R. Simplot Co.

Jim Jones, Atty. Gen., Larry F. Weeks, Deputy Atty. Gen., (argued), Boise, for respondent Department of Employment.

SHEPARD, Chief Justice.

This is an appeal from a decision of the Industrial Commission which denied claimant O'Dell unemployment benefits. We reverse and remand for further proceedings.

In 1980 claimant was hired by Simplot as Personnel Manager of its Land & Livestock Division. He received a salary of $32,-000.00 per year, with discretionary bonus rights which in 1982 and 1983 amounted to $5,000.00. Among his duties was responsibility for compliance with the federal equal employment opportunity law and regulations. In 1983 claimant received and processed a sexual harassment complaint of one of the employees against the division president. On September 17, 1984, claimant was called to the office of the division president and informed that effective immediately his position was abolished. Claimant argues that his processing of the sexual harassment complaint precipitated his discharge.

Claimant immediately filed a formal grievance with the Corporate Director of Human Resources and Industrial Relations, and on October 16 received a letter indicating that claimant had been placed on indefinite administrative leave with pay and benefits pending a resolution of his grievance. Negotiations began, and ultimately two alternatives were offered to the claimant, *i.e.*, an unconditional reinstatement in his

former position, or appointment as Director of Risk Management with the Food Division. It is asserted that the latter alternative was conditional upon claimant's waiver of all claims against Simplot resulting from his September 17 termination.

The position of Director of Risk Management for the Food Division would have required claimant to have been based in Caldwell, and his responsibilities would have included plant security, fire protection and loss prevention, with an annual salary of $39,000.00. Claimant believed that the risk management position did not afford the same opportunities for advancement as did his previous position, and on March 1, 1985 he accepted the offer of reinstatement to his previous position with the Land & Livestock Division.

On March 12, 1985, claimant filed a complaint with the Idaho Human Rights Commission based on his discharge of September 17, 1984, and Simplot then withdrew its offer to reinstate claimant in the Land & Livestock Division on the basis that claimant and the division president would not thereafter be able to work effectively with each other. Claimant was then instructed to report to work as the Director of Risk Management. Claimant declined. A final negotiation meeting was held in which claimant was given the option of accepting the risk management position or a monetary settlement. Neither was accepted.

Claimant had first filed a claim for unemployment benefits on October 15, 1984, indicating that his termination resulted from processing the sexual harassment complaint. Simplot responded to the claim for unemployment benefits by indicating that the claimant was still employed and was on administrative leave with full pay and benefits. Thereafter, on May 9, 1985, claimant again filed for unemployment benefits reiterating the reason for separation stated in the earlier claim. Simplot responded to the last claim, indicating that claimant had refused to report back to work after seven months of paid leave.

The Department of Employment refused claimant unemployment benefits, and an appeal was taken within the Department of Employment. Following hearing thereon, the appeals examiner held that claimant's unemployment resulted from a voluntary quit of employment without good cause, and that he was therefore ineligible for benefits.

An appeal therefrom was taken to the Industrial Commission which, without hearing any additional evidence, affirmed the decision of the appeals examiner on the basis that claimant had failed to accept "suitable work" as required by I.C. § 72–1366(f). The decision of the Commission is unclear since while the Department of Employment had held that claimant had voluntarily terminated his employment without good cause, the Commission focused rather on the issue of "suitable work."

■■■ The record presents no issue of a voluntary quit by the claimant. There can be little question but that claimant was discharged on September 17, subject only to the resolution of his filed grievance, and possible reversal of the discharge decision. Hence, although claimant was ineligible for unemployment benefits because he had been placed on administrative leave, *Holloway-Cook v. Albertson's, Inc.*, 100 Idaho 384, 597 P.2d 1074 (1979), claimant had been constructively discharged. It is not argued, nor does the record indicate, that the discharge of September 17 resulted from misconduct on the part of the claimant. Claimant asserts an inference could be drawn from the record that the discharge of September 17 resulted solely from, and was in retaliation for, claimant's processing of the sexual harassment complaint. *See* I.C. § 67–5911. As noted, on March 1, 1985, claimant accepted an offer of unconditional reinstatement to his previous position with the Land & Livestock Division, but when claimant filed a complaint with the Idaho Human Rights Commission, the employer withdrew its offer of reinstatement. The Commission characterized that conduct of the employer: "Employer's decision to withdraw its offer to return claimant to that position at that time was essentially another discharge...."

We hold that there is insufficient evidence in the record to sustain the decision

of the appeals examiner who held that claimant had voluntarily quit his employment without good cause, and was therefore ineligible for benefits upon which record the Commission affirmed the decision of the appeals examiner. We emphasize that our decision on this point relates only to the issue of discharge versus voluntary quit.

As noted, when the appeal reached the Industrial Commission, no further hearings were held, but the matter was decided only on the record of the evidence before the appeals examiner. Nevertheless, the decision of the Commission was a change in focus when it concluded that claimant was ineligible because he had failed to meet his burden of proof in demonstrating that Simplot's offer of employment in the risk management position was "unsuitable" work. *See* I.C. § 72–1366(f).

We conclude that the decision of the Commission failed to address necessary issues, and hence must be reversed and remanded for further proceedings. It is not sufficient to say only that the work tendered by the employer in the new position of risk management was "suitable." This Court has held that the eligibility requirement of I.C. § 72–1366(f) requires a two-part analysis, *i.e.*, a determination of whether the work refused by a claimant is "suitable" work, and also whether the claimant had "good cause" to refuse to accept such work. *Ullrich v. Thorpe Electric*, 109 Idaho 820, 712 P.2d 521 (1985); *Plante v. Ken's Electric*, 108 Idaho 809, 702 P.2d 847 (1985). As stated in *Meyer v. Skyline Mobile Homes*, 99 Idaho 754, 759, 589 P.2d 89, 94 (1979):

> It is equally clear that good cause to refuse may exist even where the work offered is suitable; otherwise the good cause language used by the legislature would become mere surplusage, contrary to general principles of statutory construction. See, e.g., *Norton v. Department of Employment*, 94 Idaho 924, 500 P.2d 825 (1972). However, when suitable work is offered, good cause to refuse the offer ordinarily must stem either from a temporary emergency or from some in-

tolerable aspect of the particular job offered that is not considered in determining the suitability of the work.

*See also Czarlinsky v. Employment Security Agency*, 87 Idaho 65, 390 P.2d 822 (1964).

The claimant asserts that the offer of employment in the position of risk management was conditioned upon claimant's waiver of all claims against the employer resulting from his prior discharge(s) and refusal to reinstate him to his previous position with the Land & Livestock Division. Claimant argues that the employer's alleged requirement that he waive any claims against the employer as a condition to obtaining the position in risk management, constitutes a violation of I.C. § 67–5911 and 42 U.S.C. § 2000e–3(a). Claimant asserts that employer was statutorily barred from placing such conditions on its offer of employment in risk management, and hence the claimant had "good cause" for rejecting the tendered offer of employment.

The decision of the Commission dealt only with the issue of "suitable work" and failed to deal with the issue of claimant's "good cause" for rejecting the offer of employment. The decision of the Industrial Commission must be reversed and remanded for further proceedings consistent herewith. Costs to appellant.

DONALDSON, BAKES, BISTLINE and HUNTLEY, JJ., concur.