DeLONG'S, INC., Appellant,

v.

DIVISION OF EMPLOYMENT SECURI-
TY, MISSOURI DEPARTMENT OF LA-
BOR AND INDUSTRIAL RELATIONS,
Respondent.

No. WD 51901.

Missouri Court of Appeals,
Western District.

June 18, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 27, 1996.

Steven Akre, Jefferson City, for appellant.

Ronnae Coleman, Kansas City, for respon-
dent.

SPINDEN, Judge.

DeLong's, Inc., appeals the Labor and In-
dustrial Relations Commission's decision that

DeLong's past employee, Mike Purcell, is entitled to unemployment compensation. DeLong's asserts that the commission erred (1) in determining that Purcell was qualified to receive unemployment benefits because the evidence established that he voluntarily terminated his employment without good cause, (2) by not issuing a subpoena to allow DeLong's to obtain records proving that Purcell was self-employed, and (3) by not considering the issue of whether Purcell was ineligible to receive unemployment benefits because he was self-employed.[1] We affirm in part and reverse in part.

Purcell had worked for DeLong's, a steel fabricator in Jefferson City, as controller and treasurer since 1988. In November 1994, while Purcell still worked for DeLong's, DeLong's received a copy of an advertisement in which Purcell referred to himself as a certified public accountant in the accounting firm of Purcell & Cardwell, CPAs. Believing that Purcell was about to quit his position as controller, DeLong's began recruiting a replacement for Purcell. DeLong's ran a "blind," help-wanted advertisement in the newspaper. Purcell responded to the advertisement.

On December 7, 1994, DeLong's hired Mike Smith to replace Purcell and informed Purcell that it had hired a new person to be controller and treasurer. DeLong's told Purcell that he would receive another position in the company,[2] but when Purcell asked how long he could expect to work, DeLong's told him six months. DeLong's asked Purcell to train Smith. Purcell asked DeLong's why this change had been made, and DeLong's told him it was because it believed that he was looking for work elsewhere and that his work had been "mediocre."

On December 13, 1994, Purcell gave DeLong's a letter which said:

> You have advised me that my employment with your company will be terminated within six months. This will advise you that I elect to take the severance pay, pursuant to contract, in lieu of continuing to work at the company. Please advise when I can pick up my check for severance pay.

Purcell's employment contract with DeLong's required either party to give the other five months' notice of a resignation or discharge. The employment contract gave the employer the option of permitting the employee to remain on staff for five months after notice of termination or terminating at the time of notice with five months' pay. Purcell and DeLong's negotiated a separation agreement and release in which Purcell agreed to work one day a week through May 12, 1995, in exchange for DeLong's paying his full salary. Purcell's last day of work was on May 10, 1995.

On May 7, 1995, Purcell filed a claim for unemployment benefits, and on May 15, 1995, the Division of Employment Security mailed notice of the claim to DeLong's. On May 17, 1995, DeLong's filed a written protest of the claim in which it asserted that Purcell and DeLong's mutually terminated the employment relationship. The protest also mentioned that Purcell was self-employed. On May 30, 1995, a division deputy decided that Purcell was qualified to receive benefits because of his discharge.

DeLong's appealed the deputy's decision to the division's appeals tribunal. DeLong's asserted in its notice of appeal that Purcell was not fired and that Purcell had opened his own business. DeLong's asked the appeals referee to issue a subpoena ordering Purcell to produce documents which DeLong's asserts would verify that Purcell was self-employed. The appeals referee denied the request for a subpoena because DeLong's did not establish that the evidence was relevant and necessary and that it had made a good faith effort to obtain the documents but was

---

1. The commission did not address points two and three.

2. Purcell admits that DeLong's told him that he would be offered another position with the company, but DeLong's did not specify what the position would be or what the rate of pay would be.

unable to do so. The appeals referee held a hearing on July 27, 1995. On August 17, 1995, the appeals referee affirmed the deputy's decision allowing Purcell to collect unemployment benefits. It held that Purcell was discharged by DeLong's and that Purcell had not engaged in misconduct.

On September 1, 1995, DeLong's filed an application for review with the Labor and Industrial Relations Commission. The commission affirmed the appeals tribunal and adopted, as its own, the findings and decision of the appeals referee. DeLong's appeals.

■ DeLong's claims that Purcell voluntarily terminated his employment. We disagree. The commission found:

> The testimony was consistent that during the December 7 meeting [Purcell] commented, after being assured that there was plenty of work for him with the company, that it was apparent that the employer was not happy with him and that there was not room in the accounting department for both [Purcell] and the new controller. [Purcell] then asked how long he had, and was told "six months." Based on the evidence that [Purcell] was given a time frame beyond which he could not reasonably expect the relationship would continue (even though he was, contradictorily, assured that he would have some kind of nebulous position with the company indefinitely), and the fact that the employer responded to [Purcell's] bluff on December 13 by negotiating a "settlement" consistent with the discharge provision in the employment contract, it is found that [Purcell] was discharged effective May 10, 1995.[3]

DeLong's asserts that the evidence established that Purcell was not fired or discharged because two company executives testified that Purcell was not fired and that Purcell was told that he had a position with the company indefinitely. Purcell testified, however, that DeLong's told him he had only six more months with the company. His testimony supports the commission's decision that Purcell was discharged. "The findings of the commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive[.]" Section 288.210, RSMo Supp. 1995. DeLong's contention is without merit.

■ DeLong's also contends that the commission erred by refusing to issue a subpoena to allow DeLong's to obtain records proving that Purcell was self-employed.[4] On June 22, 1995, DeLong's sent a letter to the appeals tribunal which said:

> Please accept this letter as a request that you issue a Subpoena to Produce Documents to Mike Purcell ordering him to produce the following documents at the hearing on his unemployment claim in this case.
>
> The documents to be produced are:
>
> All account ledgers, bank deposit slips, and similar records in your possession, masked to protect client confidentiality but in sufficient form to show all self-employment income earned by you in 1995 to date from accounting, computer consulting, tax preparation or other income sources.

The appeals referee denied the request for subpoena noting:

> Before I can issue the requested subpoena, it must be shown that the "evidence sought to be procured is relevant and necessary," and that you have made a "good faith effort to obtain the ... production of the documents" but have been unable to do so. 8 C.S.R. 10–5.015(8). The request dated June 22, 1995, is denied because the showing required by the regulation has not been made.

DeLong's responded to the denial by doing nothing more. Hence, we agree that De-

---

3. Although Purcell's last day at work was on May 10, 1995, DeLong's correctly points out that Purcell's employment ended on May 12, 1995, according to the terms of the settlement agreement and release.

4. DeLong's notes in its statement of facts that the appeals tribunal refused to hear all of its witnesses. If, however, DeLong's believed this to be error, it did not make an issue of it in its points relied on, so we do not address the issue.

Long's did not establish that it met the requirements of 8 C.S.R. 10–5.015(8). Although on appeal DeLong's asserts that the "[d]ocuments reflecting that Purcell was self-employed were clearly relevant to the issue of eligibility and there was no other method by which DeLong's could obtain the documents," its declaration comes too late. Nowhere in its request for the subpoena did DeLong's make these assertions. Hence, DeLong's contention is without merit.

DeLong's also asserts, however, that the commission erred in not considering the issue of whether Purcell was self-employed and, therefore, not entitled to unemployment benefits. We agree.

■ The purpose of the Employment Security Law is to provide for payment of benefits to persons unemployed through no fault of their own, and not to provide a supplemental income to self-employed individuals. *Bryant v. Labor and Industrial Relations Commission*, 608 S.W.2d 524, 529 (Mo.App.1980). Section 288.040.1(2), RSMo Supp.1995, provides that a claimant shall be eligible for benefits if "[h]e is able to work and is available for work."

■ "[A]ny individual who spends his full time in any endeavor entered in an attempt to produce income cannot be said to be unemployed." *Bryant*, 608 S.W.2d at 529. To be eligible for unemployment benefits, the claimant "must clearly possess a genuine attachment to the labor market and be able,

willing and ready to accept suitable work." *Golden v. Industrial Commission of Missouri, Division of Employment Security*, 524 S.W.2d 34, 36 (Mo.App.1975). "[O]ne ... who devotes his time to the practice of a profession by which a living is customarily earned cannot be said to be unemployed." *Bryant*, 608 S.W.2d at 529 (quoting *Phillips v. Michigan Unemployment Compensation Commission*, 323 Mich. 188, 35 N.W.2d 237, 239 (1948)).

■ An issue of fact remains whether Purcell was available for work in light of his admission that he was pursuing an independent CPA practice. That he had no clients and little income, while significant, is not conclusive. As stated by the *Bryant* court when dealing with a lawyer's seeking unemployment benefits who was setting up his own practice, "[T]hat claimant's law practice was not profitable and showed a net loss during some periods, did not render claimant unemployed." *Id.* at 529.

Purcell testified at the hearing that he had engaged in his own accounting business, but he said he was seeking to make extra money on the side and was not intending to quit DeLong's. The evidence established that Purcell circulated flyers advertising his CPA practice. He said that the accounting firm of Purcell & Cardwell "never did get off the ground." Although DeLong's asserted the issue, the deputy,[5] the appeals tribunal[6] and the commission[7] never addressed whether Purcell was self-employed and was, there-

---

**5.** DeLong's sent a letter of protest on May 17, 1995, in response to Purcell's claim for unemployment benefits. In that letter, DeLong's informed the Division of Employment Security that Purcell was self-employed. The deputy's decision concluded that Purcell "was discharged because [DeLong's] discovered [Purcell] was looking for other work. [Purcell] planned to do bookkeeping in his spare time and he had not given [DeLong's] a resignation."

**6.** In DeLong's appeal to the appeals tribunal, DeLong's informed the appeals tribunal that "Mr. Purcell was in the process of opening his business[.]" In response to the notice of appeal, the appeals tribunal sent Purcell and DeLong's a notice of hearing which said, "REASON FOR THIS HEARING: If you filed the appeal, you

already know why you appealed. If you did not file the appeal, you have already been sent the Notice of Appeal setting forth the reasons for the hearing." Further, in a letter to the appeals tribunal requesting a postponement of the hearing, DeLong's said, "Our position is that Mr. Purcell is disqualified for unemployment benefits because # 1 he voluntarily left employment with our company and # 2 he's self-employed, not unemployed as we understand it."

**7.** In its application for review filed with the Commission, DeLong's complains that the appeals tribunal's decision was erroneous in that it failed to·address the issue of Purcell's eligibility for benefits in light of his self-employment.

fore, barred from receiving unemployment benefits. We remand to the commission for further proceedings to determine whether Purcell "engage[d] in an activity sufficiently substantial in nature to constitute employment[.]" *Id.* (quoting *Zeringue v. Administrator, Division of Employment Security of Department of Labor,* 136 So.2d 87, 89 (La. App.1962)).

We affirm the decision of the commission that DeLong's discharged Purcell from employment. We remand, however, to the commission for further proceedings to determine whether or not Purcell was self-employed.

LOWENSTEIN, P.J., and HANNA, J., concur.