DeLONG'S, INC., Appellant,

v.

Michael PURCELL, Respondent,

Division of Employment Security,
Respondent.

No. WD 54454.

Missouri Court of Appeals,
Western District.

March 17, 1998.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 28, 1998.

Steven H. Akre, Shevon L. Harris, Jefferson City, for appellant.

Ronnae L. Coleman, Kansas City, for respondent.

Before ULRICH, C.J., P.J., and HANNA and HOWARD, JJ.

ULRICH, Chief Judge, Presiding Judge.

DeLong's, Inc. ("DeLong's"), appeals the Labor and Industrial Relations Commission's decision that DeLong's past employee, Mike Purcell, is entitled to unemployment compensation. DeLong's asserts that the commission erred in its determination that Mr. Purcell was not self-employed on a full-

time basis under section 288.040.1(2), RSMo 1994, and, hence, was eligible for unemployment benefits. The decision of the Labor and Industrial Relations Commission is affirmed.

## FACTS

Michael Purcell worked for DeLong's, a steel fabricator in Jefferson City, as controller and treasurer from February, 1988 to May, 1995. During this time period, Mr. Purcell was also working part-time in the evenings as a self-employed Certified Public Accountant ("CPA"). DeLong's received a copy of an advertisement in November 1994 in which Mr. Purcell referred to himself as a CPA in the accounting firm of Purcell & Cardwell, CPAs.

DeLong's hired Mike Smith to replace Mr. Purcell on December 7, 1994. DeLong's and Mr. Purcell negotiated a severance agreement. Mr. Purcell agreed to work one day a week from January 1995 to May 12, 1995 to assist in training Mr. Smith for the same salary rate that he had received before the severance agreement.

Mr. Purcell continued to operate his self-employed accounting business during this time. His 1994 tax income showed he made $8,842.00 operating his business. Mr. Purcell also purchased a $8,792.00 computer in 1994. Mr. Purcell's 1995 tax return reported that his business made $11,928.00. While he was self-employed, Mr. Purcell continued to seek full-time employment. Mr. Purcell kept records of all the places where he sent resumes and where he was interviewed for jobs. Mr. Purcell retained letters he received from prospective employers stating that they had no positions available.

Mr. Purcell filed a claim for unemployment benefits on May 7, 1995, and on May 15, 1995, the Division of Employment Security mailed notice of the claim to DeLong's. DeLong's filed a written protest of the claim on May 17, 1995, in which it asserted that Mr. Purcell and DeLong's mutually terminated the employment relationship. The protest also asserted that Mr. Purcell was self-employed. A division deputy decided on May 30, 1995, that Mr. Purcell was qualified to receive benefits because of his discharge.

DeLong's appealed the deputy's decision to the division's appeals tribunal. DeLong's asserted in its notice of appeal that Mr. Purcell was not fired and that Mr. Purcell had operated his own business. The appeals referee affirmed the deputy's decision on August 17, 1995, allowing Mr. Purcell to collect unemployment benefits. The decision held that Mr. Purcell was discharged by DeLong's and that Mr. Purcell had not engaged in misconduct.

DeLong's filed an application for review with the Labor and Industrial Relations Commission on September 1, 1995. The commission affirmed the appeals tribunal and adopted, as its own, the findings and decision of the appeals referee. In *DeLong's v. Division of Employment Sec.*, 927 S.W.2d 877, 880 (Mo.App.1996), this court affirmed the decision of the Commission, finding that competent and substantial evidence supported the Commission's decision that Mr. Purcell was discharged. Because the Commission failed to determine whether Mr. Purcell was self-employed and, therefore, not entitled to unemployment benefits, however, this court remanded to the Commission to determine whether Mr. Purcell was self-employed.

Following remand, the deputy determined on December 2, 1996, that Mr. Purcell was eligible for unemployment benefits because he was not self-employed on a full-time basis. The appeals tribunal affirmed the deputy's decision on February 7, 1997. DeLong's filed an application for review before the Commission on March 10, 1997 and on May 13, 1997, the Commission affirmed the decision of the appeals tribunal, finding its decision was supported by competent and substantial evidence. This appeal followed.

## STANDARD OF REVIEW

Appellate review of the Industrial Relations Commission's decision is limited. *Kirksville Pub. Co. v. Division of Employment Sec.*, 950 S.W.2d 891, 894 (Mo.App. 1997); *Forms World, Inc. v. Labor and Indus. Rel. Comm'n*, 935 S.W.2d 680, 683 (Mo. App.1996). The Commission's findings of fact, if supported by competent and substantial evidence and absent fraud, are conclu-

sive. § 288.210, RSMo Supp.1996; *Kirksville*, 950 S.W.2d at 894. The Commission's decision will be overturned only if the Commission acted in excess of its powers, the award was procured by fraud, the facts found by the Commission did not support the award, or sufficient competent and substantial evidence was not presented to support the award. § 287.495, RSMo 1994; *Johnson v. Denton Constr. Co.*, 911 S.W.2d 286, 288 (Mo. banc 1995). The Commission's determinations involving witness credibility and the weight ascribed to that testimony are not reviewed. *Id.* The entire record is viewed in the light most favorable to the Commission's findings. *Wright v. Sports Associated, Inc.*, 887 S.W.2d 596, 598 (Mo. banc 1994).

## MR. PURCELL IS ENTITLED TO UNEMPLOYMENT BENEFITS

As its sole issue on appeal, DeLong's contends the Commission erred in its determination that Mr. Purcell was not self-employed on a full-time basis and, hence, entitled to unemployment benefits under section 288.040.1(2), RSMo Supp.1995. DeLong's argues that pursuant to *Bryant v. Labor and Industrial Relations Comm'n*, 608 S.W.2d 524, 529 (Mo.App.1980), Mr. Purcell was not available for work because, after terminating his employment at DeLong's, Mr. Purcell devoted full-time efforts to his self-employed accounting practice.

■ Section 288.040.1(2) provides, in relevant part:

1. A claimant who is unemployed and has been determined to be an insured worker shall be eligible for benefits for any week only if the deputy finds that:
   (2) He is able to work and is available for work. No person shall be deemed available for work unless he has been and is actively and earnestly seeking work.

§ 288.040.1(2), RSMo Supp.1995. The purpose of section 288.040 is to provide for payment of benefits to persons unemployed through no fault of their own and not to provide a supplemental income to self-employed individuals. *DeLong's*, 927 S.W.2d at 880 (citing *Bryant*, 608 S.W.2d at 529).

■ To be eligible for unemployment benefits under section 288.040, the claimant "must clearly possess a genuine attachment to the labor market and be able, willing and ready to accept suitable work." *Golden v. Industrial Commission of Missouri, Division of Employment Security*, 524 S.W.2d 34, 36 (Mo.App.1975). "[O]ne ... who devotes his time to the practice of a profession by which a living is customarily earned cannot be said to be unemployed." *Bryant*, 608 S.W.2d at 529 (quoting *Phillips v. Michigan Unemployment Compensation Commission*, 323 Mich. 188, 35 N.W.2d 237, 239 (1948)). "[A]ny individual who spends his full time in any endeavor entered in an attempt to produce income cannot be said to be unemployed." *Bryant*, 608 S.W.2d at 529.

In *Bryant*, the employer, the Legal Aid of Western Missouri, closed its Platte County branch where the claimant worked. *Id.* at 526. The claimant was offered a position at another branch in the domestic relations area but declined the transfer because he felt the case load would be too heavy and the work unpleasant. *Id.* at 526–27. Subsequently, the claimant became a self-employed full-time practicing attorney. *Id.* at 528. The claimant then sought and was denied unemployment benefits. *Id.* The court upheld the Commission's finding that the claimant was not entitled to unemployment compensation. *Id.* The court reasoned that although the claimant had no clients, no law business during various portions of the claimed period and little income, he was not available for work as required by section 288.040.1(2) because "any individual who spends his full time in any endeavor entered in an attempt to produce income cannot be said to be unemployed." *Id.* at 529.

■ Viewing the evidence in the light most favorable to the Commission's finding, substantial and competent evidence supports the Commission's determination that Mr. Purcell was not self-employed on a full-time basis, and, hence, was entitled to unemployment compensation. In contrast to the attorney in *Bryant*, Mr. Purcell did not devote his full-time efforts to his CPA business. During and after his employment at DeLong's,

Mr. Purcell operated his CPA business on a part-time basis only. After his employment with DeLong's terminated, Mr. Purcell, while continuing to operate his part-time CPA business, actively sought full-time employment. Mr. Purcell sent resumes and letters to prospective employers and was interviewed by several. While Mr. Purcell purchased a $8,792.00 computer for his CPA business, Mr. Purcell purchased the computer while still employed at DeLong's, supporting his contention his self-employed business was only part-time. Additionally, the relatively low income generated by Mr. Purcell's CPA business supports his contention that he was self-employed on a part-time basis. While he was still employed at DeLong's full-time in 1994, Mr. Purcell's CPA business generated $8,842.00. In 1995, when Mr. Purcell was employed at DeLong's only one day per week for six months, his CPA business generated $11,928.00 income. The Commission was entitled to find that the relatively little additional income that was generated in 1995 reflected that Mr. Purcell operated his CPA business on a part-time basis only. Because substantial and competent evidence supports the Commission's determination that Mr. Purcell was "available for work" as required by section 288.040.1(2), the Commission properly determined that Mr. Purcell was entitled to unemployment compensation. The point is denied.

The decision of the Labor and Industrial Relations Commission is affirmed.

All concur