Marilee June RIVES, Respondent,

v.

The LABOR & INDUSTRIAL RELA-
TIONS COMM. of Missouri et
al., Appellants.

No. 41098.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 4, 1979.

Richard C. Arndt, Dan J. Chatfield, Kev-
in M. Hare, Jefferson City, Larry R. Ruh-
mann, Div. of Employment Security, Jeffer-
son City, for appellants.

Kenneth D. Kyser, Moberly, for respon-
dent.

DOWD, Presiding Judge.

This is an appeal from a decision of the
Circuit Court reversing the findings and
conclusions of the Labor and Industrial Re-
lations Commission (herein Commission)
that respondent-claimant is ineligible for
unemployment benefits for the period of
May 16, 1976 through August 21, 1976. The
Commission appeals.

The record reveals that the respondent-
claimant filed a claim for special unemploy-
ment assistance on May 16, 1976 claiming
benefits for several weeks thereafter. The
benefits were denied on the the grounds
that claimant was not available for work in
that she had submitted only two formal job
applications during nine weeks of unem-
ployment.

Claimant filed her timely appeal from
this decision and a hearing on the matter
took place in September, 1976. The Ap-
peals Referee affirmed the deputy's deci-
sion finding that claimant made only ten
employment contacts within fourteen weeks

and this activity did not reflect an active and earnest search for work as required by § 288.040–1(2), RSMo 1969. Claimant requested review of this finding by the Commission but her request was denied. By refusing to review claimant's case the Commission, in effect, adopted the decision of the Appeals Referee. Claimant then sought judicial review in the circuit court. That court reversed and remanded to the Commission for further consideration. It is from that order that the Commission appeals to this court.

■ Our review of this case is limited to a determination of whether, upon review of the entire record, the Commission could have reasonably reached the conclusion that it did. We may not substitute our judgment for that of the Commission but may set aside the Commission's decision if it is against the overwhelming weight of the evidence. *Blackman v. Industrial Commission*, 491 S.W.2d 18, 22 (Mo.App.1973). We agree with the respondent-claimant's contention that the Commission's decision against her was contrary to the overwhelming weight of the evidence and in doing so, affirm the circuit court's order of remand to the Industrial Commission.

■ An unemployed claimant is eligible for benefits if he is able to work and is "available" for work. To be deemed available for work the claimant must have been "actively and earnestly" looking for work. § 288.040, RSMo 1969. "Available" for work is not defined in the statute for the reason that its meaning will vary dependent upon each claimant's circumstances. *Western Electric Co. v. Industrial Commission*, 489 S.W.2d 475, 481 (Mo.App.1973). We will use the plain meaning of the term to promote the explicit purpose of the Employment Security Law which is to benefit those persons unemployed due to no fault of their own. *Laswell v. Industrial Commission of Missouri*, 534 S.W.2d 613, 616 (Mo. App.1976); *Crawford v. Industrial Commission of Missouri*, 482 S.W.2d 739, 741 (Mo. App.1972). To be available for work the claimant must be closely attached to the labor market and be ready, willing, and able

to accept a suitable job. *Golden v. Industrial Commission*, 524 S.W.2d 34, 36 (Mo.App. 1975). The error in the director's decision in this case lies in his failure to give due consideration to the circumstances surrounding the respondent-claimant's availability for work.

■ The respondent-claimant lives in Monroe County on a farm near a village of twelve people. The nearest town to her community has a population of 1,200 people. The only other town in the county is Monroe City, a small rural town seventeen miles from her home. Prior to her period of unemployment the respondent-claimant was employed with the Head Start Program in Monroe City. She was notified by that program several weeks in advance that her job would be terminated in May. Respondent-claimant began searching for another position before the job was terminated and continued to look without success. Respondent-claimant testified that she made fourteen different job contacts returning to several of them to renew her request. Respondent-claimant went so far in one instance as to travel to Jefferson City to be examined for a position as a caseworker which she heard might be available. Respondent-claimant was not particularly concerned about the type of employment she was offered. She attempted to get a job as a painter, baby sitter, shampooer in a beauty shop, janitor, caseworker, checker in a grocery store, and other varied occupations. This is not a case of a claimant refusing a job she feels is not suitable. *See, Blackman v. Industrial Commission*, 491 S.W.2d 18, 21 (Mo.App.1973). According to respondent-claimant's testimony she has been offered no job. She offered three witnesses who stated they were willing to corroborate her testimony, however, their testimony was not taken. Appellant offered no evidence in rebuttal.

In view of the limited opportunities available in this rural area we find that the respondent-claimant was available for work and that the Commission's finding to the

contrary was unreasonable and contrary to the overwhelming weight of the evidence.

Judgment below affirmed.

CRIST and SMITH, JJ., concur.