**Henry WACHSNICHT, Appellant,**

v.

**LABOR AND INDUSTRIAL RELATIONS COMMISSION, DIVISION OF EMPLOYMENT SECURITY, Respondent.**

No. 47669.

Missouri Court of Appeals, Eastern District, Division Three.

April 3, 1984.

Frances D. Taylor, St. Louis, for appellant.

Alan J. Downs, Susan P. Haag, Public Counsels, Jefferson City, for respondent.

CRANDALL, Judge.

This is an appeal from an order of the circuit court which affirmed the decision of the Labor and Industrial Relations Commission denying Henry Wachsnicht's (appellant herein) application for review. The Commission adopted the findings and deci-

---

sion of the Appeals Tribunal of the Missouri Division of Employment Security, which found appellant ineligible for Federal Supplemental Compensation benefits. On appeal, appellant contends that the circuit court erred in affirming the Commission's decision, because it was not supported by competent and substantial evidence on the record as a whole. Appellant also contends that the court erred in assessing costs against him, because Missouri's Employment Security Law, § 288.380(5), RSMo (Supp.1983), prohibits the assessment of court costs against any persons claiming benefits under the Act. We affirm, as modified.

Within the limited scope of judicial review permitted by § 288.210, RSMo (1978), we now consider appellant's contentions. Appellant first contends that the circuit court erred in affirming the decision of the Labor and Industrial Relations Commission which denied appellant Federal Supplemental Compensation benefits. Appellant urges that the Commission's decision was not based on competent and substantial evidence on the record as a whole, in view of his assertion that, during the week ending October 2, 1982, he actively engaged in a systematic and sustained effort to obtain work in accordance with §§ 288.062(5) and 288.062(7), RSMo (Supp.1983).

Section 288.062(5), RSMo (Supp.1983) states: "If a deputy finds that a person who is claiming extended benefits ... has failed to actively engage in seeking work subsequent to the effective date of his claim for extended benefits, that person shall be ineligible...." Section 288.062(7) then explains: "For the purposes of this section, an individual shall be considered as actively engaged in seeking work during any week with respect to which the individual has engaged in a systematic and sustained effort to obtain work as indicated by tangible evidence which the individual provides to the division."

■ The evidence of appellant's search for work at the time of his original application for supplemental benefits consisted of two in-person contacts and one telephone contact during the week ending October 2, 1982. At that time, appellant also submitted evidence of having spent one and one-half days at the Division of Employment Services' office. Appellant urges this court to adopt a case by case analysis, to consider whether the particular facts and circumstances of each case meet the requirements of § 288.062, RSMo (Supp. 1983). We agree that such an approach is appropriate for cases involving the denial of unemployment benefits. However, it must be remembered that an appellate court cannot substitute its judgment for that of the Labor and Industrial Relations Commission. The record is to be reviewed in the light most favorable to the decision of the Commission. *Doerer v. Labor and Industrial Relations Commission,* 617 S.W.2d 501, 503 (Mo.App.1981).

■ Viewing the particular facts of this case in the light most favorable to the decision of the Labor and Industrial Relations Commission, it cannot be said that those facts are insufficient to support the Commission's findings. While the appellant did spend one and one-half days at the Division of Employment Services' office, three and one-half days still remained for appellant to locate employment. Within that remaining time appellant made only three contacts, one of which was by telephone. In support of his position, appellant cites *Rives v. Labor and Industrial Relations Commission,* 592 S.W.2d 252 (Mo.App.1979), in which the court found that ten employment contacts in fourteen weeks was sufficient to qualify the claimant for unemployment benefits. However, the circumstances of that case differ greatly from those of the case at bar. In *Rives,* the claimant lived on a farm in a rural county where employment opportunities were scarce. The present claimant, on the other hand, resides in a major metropolitan area with numerous potential employers. In view of these facts, we find that the decision of the Labor and Industrial Relations Commission was supported by competent and substantial evidence on the record

as a whole. Therefore, that portion of the circuit court's decision is affirmed.

Appellant next contends that the circuit court erred in assessing costs against him, because Missouri's Employment Security Law, § 288.380(5), RSMo (Supp.1983), prohibits the assessment of court costs against any persons claiming benefits under the Act. That section of the Act reads, in part: "No individual claiming benefits shall be charged fees of any kind in any proceeding under this law by the division, or by any court...." Since respondents have conceded this portion of appellant's argument, that part of the circuit court's decision assessing costs against appellant is set aside.

The order of the circuit court is affirmed, as modified.

KAROHL, P.J., and REINHARD, J., concur.