Rosetta HOWARD, Appellant,

v.

**LABOR AND INDUSTRIAL RELATIONS COMMISSION OF MISSOURI and Division of Employment Security, Respondents.**

No. WD 35064.

Missouri Court of Appeals,
Western District.

June 12, 1984.

Daniel J. Devine, Kansas City, for appellant.

Sharon A. Willis, Kansas City, Rick V. Morris, Jefferson City, for Division of Employment Security.

Alan J. Downs, Jefferson City, for Labor and Indus. Relations Com'n.

Before TURNAGE, C.J., and SHANGLER and NUGENT, JJ.

TURNAGE, Chief Judge.

■ Rosetta Howard filed a claim for federal supplemental compensation under the Federal Supplemental Compensation Act of 1982. Her claim was denied by a deputy in the Division of Employment Security. Howard filed an appeal and after a hearing the appeals tribunal also denied Howard's claim. The Labor and Industrial Relations Commission denied review and on appeal to the circuit court the denial of benefits was affirmed. Howard contends that she was eligible for benefits because she was actively engaged in seeking work. Affirmed.

There is no dispute as to the facts. Howard applied for unemployment benefits on September 22, 1982. During the week of September 19–25, 1982, Howard made seven contacts for work on Wednesday, Thursday, and Friday of that week. She did not make any effort to seek employment on Monday and Tuesday. The appeals referee found that Howard was required to seek

work throughout the week instead of doing so only on certain days of the week.

The parties agree that Howard's eligibility is determined by § 288.062, RSMo 1978. Section 288.062.5 provides that a person is ineligible for benefits if such person has failed to actively engage in seeking work. Section 288.062.7 provides:

> For the purposes of this section, an individual shall be considered as actively engaged in seeking work during any week with respect to which the individual has engaged in a systematic and sustained effort to obtain work as indicated by tangible evidence which the individual provides to the division.[1]

Howard contends that the decision denying her benefits is not authorized by law because she contacted seven prospective employers. She contends that the number of employers contacted takes precedence over the number of days on which she sought employment.

The order of the commission is subject to review to determine whether or not it is authorized by law and supported by competent and substantial evidence upon the whole record. *Pulitzer Publishing Company v. Labor and Industrial Relations Commission*, 596 S.W.2d 413, 417[1, 2] (Mo. banc 1980). As indicated, since there is no dispute as to the facts, the question on this appeal is whether or not the denial of benefits is authorized by law. This necessarily requires a determination of whether or not the commission correctly held that seeking employment on three days out of the week did not constitute a systematic and sustained effort to obtain work.

In determining the meaning of a statute the words used in the statute must be taken in their plain and ordinary meaning. *Rotary Drilling Supply, Inc. v. Director of Revenue*, 662 S.W.2d 496, 499[1] (Mo. banc 1983). To be actively engaged in seeking work requires a systematic and sustained effort to obtain work. Webster's Third New International Dictionary (1971)

defines "systematic" as "covering a field thoroughly according to an orderly scheme or plan: Methodical, regular." "Sustained" is defined as "maintained at length without interruption, weakening, or losing in power or quality," "prolonged, unflagging." Under these definitions the effort to obtain work would have to be thorough according to an orderly plan and be methodical and regular. In addition, it would have to be maintained without interruption. Under the plain meaning of the words used in the statute the effort to obtain work would have to be exerted on every working day of the week. Any other effort would not be thorough, regular, and without interruption as required by the statute.

Howard's effort at seeking work during three days of a five day work week does not meet the statutory requirement. Therefore, the decision of the commission was authorized by law.

■ Howard next raises for the first time in this court, a complaint that she was denied the equal protection of the laws because the commission has approved benefits for other applicants who did not seek employment on every work day of the week. It is well settled that constitutional issues must be raised at the first available opportunity. This contention is raised for the first time in this court and it could have been raised at the trial court level. Since this issue was not raised at the first available opportunity it may not be considered by this court. *Gaslight Real Estate Corporation v. Labor and Industrial Relations Commission*, 604 S.W.2d 818, 820–21[6, 7] (Mo.App.1980).

The judgment is affirmed.

All concur.

---

1. The requirement for supplemental benefits under this section differs from the requirement for benefits in § 288.040.1(2) which requires that a person be able to work and available for work. Available for work is defined in the same section as actively and earnestly seeking work.