MISSOURI DIVISION OF EMPLOY-
MENT SECURITY, Appellant,

v.

Deborah JONES and The Labor and
Industrial Relations Commission of
Missouri, Respondents.

No. 48167.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 11, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 16, 1984.

Rick V. Morris, Jefferson City, for appellant.

Timothy P. Duggan, Jefferson City, for respondents.

CRIST, Presiding Judge.

Action by Deborah Jones (claimant) for Federal Supplemental Compensation (FSC) benefits effective December 26, 1982. On January 12, 1983, appellant Division of Employment Security (Division) issued a determination claimant was ineligible for FSC benefits from January 2 to January 8, 1983 because she failed to make a systematic and sustained effort to obtain work during that week. This ineligibility was to continue until the claimant was employed for at least four weeks and earned wages equal to at least four times her weekly benefit amount, pursuant to § 288.062.5 RSMo 1983.

On February 28, 1983, an appeals referee entered her decision modifying the Division's determination. The referee found claimant ineligible for FSC benefits for the week ending January 8, 1983, because claimant was not available for work the entire week. Claimant was not available for work from Wednesday to Saturday of the week due to the death of her mother. The appeals referee found claimant was eligible for FSC benefits beginning January 9, 1983.

On March 9, 1983, the Division filed an application for review of the decision of the appeals referee with the Labor and Industrial Relations Commission (Labor Commission). On April 15, 1983, the Labor Commission entered its order finding the decision of the appeals referee supported by competent and substantial evidence, and denying the Division's application for review. On May 3, 1983, the Division filed its petition for judicial review in the circuit court of St. Louis County. On November 23, 1983, the circuit court entered its order

affirming the decision of the Labor Commission. The Division now appeals the order of the circuit court.

In its sole point on appeal, the Division asserts the circuit court erred in affirming the decision of the Labor Commission, because this decision failed to apply § 288.-062.5 RSMo 1978. We disagree. Section 288.062.5 provides in pertinent part:

5. ... If a deputy finds that a person who is claiming extended benefits ... has failed to actively engage in seeking work subsequent to the effective date of his claim for extended benefits, that person shall be ineligible for extended benefits for the period beginning with the first day of the week following the week in which such ... failure occurred. That ineligibility shall remain in effect until the person has been employed for at least four weeks after the week in which the ... failure occurred and has earned wages equal to at least four times his weekly benefit amount.

This section, standing alone, appears to make claimant ineligible for FSC benefits for at least four weeks following the week of her mother's funeral, because she failed to actively engage in seeking work during that entire week. Section 288.062, however, also provides:

2. Except when the result would be inconsistent with the other provisions of this section, as provided in the regulations of the director, the provisions of this law which apply to claims for, or the payment of, regular benefits shall apply to claims for, and the payment of, extended benefits.

3. An individual shall be eligible to receive extended benefits with respect to any week of unemployment in his eligibility period only if the deputy finds that with respect to such week:

    *    *    *    *    *    *

(2) He has satisfied the requirements of this law for the receipt of regular benefits that are applicable to individuals claiming extended benefits,....

The availability provision of § 288.040 applies to claims for FSC extended benefits. Under § 288.040.1(2), a claimant must be "able to work and available for work" to be eligible for regular benefits. It is not inconsistent to apply the "available for work" provision of § 288.040 to claims for FSC extended benefits. The meaning of "available for work" varies, depending on the circumstances of each case. *Rives v. Labor and Indus. Relations Comm'n,* 592 S.W.2d 252, 253 (Mo.App.1979). Here, however, claimant admitted she was not available for work the entire week, due to the sickness and death of her mother. The ineligibility provisions of § 288.062.5 are punitive in nature, resulting from a claimant's failure to actively engage in seeking work. They do not apply when a claimant is not available for work due to an unfortunate family emergency beyond her control. Any other result would be inconsistent with the policy of the Missouri Employment Security Law, as expressed in Section 288.020 RSMo 1978.

The judgment of the circuit court, affirming the decision of the Labor Commission is affirmed.

REINHARD, C.J., and DOWD, J., concur.