Mark THOMAS, Appellant,

v.

LABOR AND INDUSTRIAL RELATIONS COMMISSION OF MISSOURI and Division of Employment Security, Respondents.

Michael DAVI, Appellant,

v.

LABOR AND INDUSTRIAL RELATIONS COMMISSION OF MISSOURI and Division of Employment Security, Respondents.

No. WD 35685.

Missouri Court of Appeals, Western District.

Oct. 2, 1984.

Steven L. Hobson, Kansas City, for appellants.

Sharon A. Willis, Kansas City, Rick V. Morris, Jefferson City, for respondent Div. of Employment Sec. of Mo.

Timothy P. Duggan and Catherine J. Barrie, Jefferson City, for respondent Labor and Indus. Relations Com'n of Mo.

Before KENNEDY, P.J., and NUGENT and BERREY, JJ.

PER CURIAM:

Appellants Thomas and Davi appeal from orders of the Jackson County Circuit Court affirming decisions of the Labor and Industrial Relations Commission of Missouri, and denying them extended unemployment compensation benefits. The cases were consolidated after appeal to this court.

We affirm the orders of the circuit court.

Mark Thomas filed a claim for Federal Supplemental Compensation for the period from October 24, 1982, through October 30, 1982. The extended unemployment compensation benefits for which he was applying became available September 12, 1982, under a program created by the Federal Supplemental Compensation Act of 1982, Pub.L. No. 97–248, Title VI, 96 Stat. 702 (1982) (codified at 26 U.S.C. Section 3304 note (Supp.1983)). A deputy for the Division of Employment Security found Thomas ineligible for benefits because he made employer contacts on only three days during the week. Thomas requested a hearing before the Appeals Tribunal of Employment Security. At his hearing, he testified that he contacted five employers in person on Wednesday, Thursday, and Friday. On Monday and Tuesday he earned approximately $7.50 baby sitting for his sister to earn money for gasoline to continue his job search. He also telephoned a Safeway Store on Saturday, October 30, where he had found temporary employment the previous week. He claimed he did not know he should list Safeway as an employer contact. Thomas had never been told how many contacts to make, and the deputy who denied his application indicated he needed to make seven or eight a week.

The appeals referee ruled that Thomas' efforts were "not a continuous search maintained at length throughout the week," because he made contacts only on Wednesday, Thursday, and Friday. Because Thomas had not met the statutory standard for a work search, the referee affirmed the deputy's determination that he was ineligible for compensation. The Labor and Industrial Relations Commission denied Thomas' petition for review of the referee's decision.

Michael Davi filed a claim for benefits for the week of September 12 through September 18, 1982. Davi had last worked on January 29, 1981, as a maintenance worker. He had no transportation and had to walk to employment contacts. He was 53 years old at the time and indicated he was willing to accept any kind of work. During the

week in question, he followed leads from the newspaper and contacted five prospective employers in person on four different days.

The referee found that "[a]fter being out of work since January 29, 1981, five contacts with employers was at best a minimal effort." He ruled that Davi was not engaged in a "systematic and sustained effort to obtain work" during the week ending September 18, 1982, and affirmed the deputy's determination that he is ineligible for compensation.

Appellants, in their consolidated appeal, argue that the Circuit Court erred in affirming the decisions of the Labor and Industrial Relations Commission. They contend the findings of the Commission that appellants did not make systematic and sustained efforts to find work are not supported by substantial and competent evidence and are contrary to the overwhelming weight of the evidence. We disagree.

The Federal Supplemental Compensation Act of 1982 provided that state law governing claims for extended compensation should apply to claims for the federal compensation. Pub.L. No. 97–248, Title VI, section 602(d)(2), 96 Stat. 702, 703. Missouri law requires that an individual must "actively engage in seeking work" after the effective date of his claim to remain eligible for extended benefits. Section 288.-062.5 RSMo (1978). The statute adds that, "[f]or the purposes of this section, an individual shall be considered as actively engaged in seeking work during any week with respect to which the individual has engaged in a systematic and sustained effort to obtain work as indicated by tangible evidence which the individual provides to the division." Section 288.062.7 RSMo (Supp.1983). If a deputy of the division determines that a claimant has not made a "systematic and sustained effort to obtain work," the claimant is ineligible for Federal Supplemental Compensation until he has been employed for at least four weeks and has earned wages equal to at least four times his weekly benefit amount. Section 288.062.5 RSMo (Supp.1983).

Appellants now seek judicial review of the Commission decisions under the authority of section 288.210 RSMo (1978). Section 288.210 declares that in the circuit court, "the findings of the Commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law." Section 288.210 RSMo (1978). Orders of the Commission are subject to review by the circuit court only to determine if they are authorized by law and supported by competent and substantial evidence upon the whole record. *Pulitzer Publishing Co. v. Labor & Ind. Relations Comm'n*, 596 S.W.2d 413, 417 (Mo. banc 1980). In this case, no factual dispute exists. We must limit our inquiry, therefore, to the correctness of the Commission's application of the law to the facts.

To determine the meaning of a statute, the reviewing court must interpret the words according to their plain and ordinary meaning. *Rotary Drilling Supply, Inc. v. Director of Revenue*, 662 S.W.2d 496, 499 (Mo. banc 1983). This court, in *Rosetta Howard v. Labor and Industrial Relations Comm'n*, 672 S.W.2d 189 (Mo.App. WD 1984), recently determined the meaning of the statutory requirement of a "systematic and sustained effort to obtain work" as follows:

Webster's Third New International Dictionary (1971) defines 'systematic' as 'covering a field thoroughly according to an orderly scheme or plan': 'Methodical, regular.' 'Sustained' is defined as 'maintained at length without interruption, weakening, or losing in power or quality,' 'prolonged, unflagging.' Under these definitions the effort to obtain work would have to be thorough according to an orderly plan and be methodical and regular. In addition, it would have to be maintained without interruption.

*Under the plain meaning of the words used in the statute the effort to obtain work would have to be exerted on every working day of the week. Any other effort would not be thorough, regular, and without interruption as required by the statute.* [Emphasis added].

Rosetta Howard, 672 S.W.2d at 190.

■ Appellant Thomas contacted employers on only three of the days during the week for which he seeks compensation. His efforts did not meet the "systematic and sustained" standard interpreted in *Howard* to mean "without interruption," and "exerted on every working day of the week." The decision of the Commission that Thomas' job search did not meet the statutory requirement was supported by competent and substantial evidence and was not contrary to law.

Michael Davi sought work on only four days of the disputed week. He did not conduct his job search every working day. The Commission's decision to deny review is supported by sufficient evidence, and based on the correct interpretation of the statutory standard.

The orders of the Circuit Court in these cases are affirmed.