**MISSOURI DIVISION OF EMPLOYMENT SECURITY, Plaintiff-Appellant,**

v.

**Sarah HANKINS, and Labor and Industrial Relations Commission, Defendants-Respondents.**

No. 13982.

Missouri Court of Appeals, Southern District, Division Two.

Oct. 30, 1985.

**162**

Rich V. Morris, Jefferson City, for plaintiff-appellant.

Bruce K. Kirby, Springfield, for defendant-respondent Sarah Hankins.

Catherine J. Barrie, Jefferson City, for defendant-respondent Labor and Indus. Relations Com'n.

MAUS, Judge.

Respondent Sarah Hankins filed a claim for Federal Supplemental Compensation unemployment benefits effective January 16, 1983. See § 288.062, RSMo Supp.1984. She did not contact any prospective employers on the last three days of the week of January 16, 1983. It was impossible for her to do so because she was sick. Upon review the Labor and Industrial Relations Commission (Commission) found Hankins was eligible for such benefits except for the week of January 16, 1983. The determination of her ineligibility for that week is not questioned. However, the Division of Employment Security (Division) contends Hankins was ineligible for at least four subsequent weeks and until she had earned wages equal to at least four times her weekly benefit amount. § 288.062.5, RSMo Supp.1984. The Division appeals from the judgment of the Circuit Court of Greene County affirming the determination of the Commission rejecting the Division's contention.

Section 288.062.5 in part provides: "If a deputy finds that a person who is claiming extended benefits ... has failed to actively engage in seeking work subsequent to the effective date of his claim for extended benefits, that person shall be ineligible for extended benefits ...." Section 288.062.7 provides: "For the purposes of this section, an individual shall be considered as actively engaged in seeking work during any week with respect to which the individual has engaged in a systematic and sustained effort to obtain work as indicated by tangible evidence which the individual provides to the division."

The term "systematic and sustained effort" in the latter subsection has been construed as follows: "Under the plain meaning of the words used in the statute the effort to obtain work would have to be exerted on every working day of the week." *Howard v. Labor & Indus. Rel. Com'n of Mo.*, 672 S.W.2d 189, 190 (Mo. App.1984). The parties accept that construction.

The Division does not question the determination the illness of the claimant was of such a nature to make it impossible for her to seek work on the three days in question. The question presented to this court is whether or not the impossibility for claimant to seek work for three days establishes the claimant did not make a "systematic

and sustained effort" so as to invoke the "4 × 4" penalty. The Division argues that it does. It contends this is true whether such impossibility was due to illness, earthquake, flood or any other similar disaster. This contention has been denied.

The availability provision of § 288.040 applies to claims for FSC extended benefits. Under § 288.040.1(2), a claimant must be 'able to work and available for work' to be eligible for regular benefits. It is not inconsistent to apply the 'available for work' provision of § 288.040 to claims for FSC extended benefits. The meaning of 'available for work' varies, depending on the circumstances of each case. *Rives v. Labor and Indus. Relations Com'n*, 592 S.W.2d 252, 253 (Mo. App.1979). Here, however, claimant admitted she was not available for work the entire week, due to the sickness and death of her mother. The ineligibility provisions of § 288.062.5 are punitive in nature, resulting from a claimant's failure to actively engage in seeking work. *They do not apply when a claimant is not available for work due to an unfortunate family emergency beyond her control.* Any other result would be inconsistent with the policy of the Missouri Employment Security Law, as expressed in Section 288.020 RSMo 1978.

*Mo. Div. of Emp. Sec. v. Jones*, 679 S.W.2d 413, 414 (Mo.App.1984). (Emphasis added).

This court finds that *Jones* is not in conflict with *Howard*, as the Division contends. One definition of "effort" is "a serious attempt." Webster's New Collegiate Dictionary (1977). *Jones* is, in result, an interpretation of the word "effort." Considering § 288.062.2, this court finds the failure of the claimant to seek employment for three days because of impossibility does not defeat a systematic and sustained effort so as to invoke the 4 × 4 penalty. The judgment is affirmed.

PREWITT, C.J., HOGAN, P.J., and CROW, J., concur.