**DIVISION OF EMPLOYMENT SECURITY, Appellant,**

v.

**Jerry DOLAN, Respondent.**

**No. WD 61996.**

Missouri Court of Appeals, Western District.

May 6, 2003.

Marilyn G. Green, Jefferson City, for appellant.

Jerry Dolan, Centerview, pro se.

Before: ROBERT G. ULRICH, P.J., VICTOR C. HOWARD and THOMAS H. NEWTON, JJ.

ROBERT ULRICH, Judge.

The Division of Employment Security (the "Appellant") appeals the September 13, 2002, Order of the Labor and Industrial Relations Commission (the "Commission") affirming the decision of the Appeals Tribunal finding that Jerry Dolan (the "Claimant") was entitled to be paid for his waiting week because he was paid unemployment benefits for nine consecutive weeks pursuant to section 288.040.1(4), RSMo 2000. In Appellant's sole point on appeal, it claims that the Commission erred in finding that Claimant was not overpaid for his waiting week in an amount equal to the entire amount paid for that week because Claimant was ineligible to be paid his waiting week in that section 288.040.1(4), RSMo 2000, requires that Claimant receive nine consecutive weeks of unemployment benefits before being paid his waiting week benefits and Claimant only received unemployment compensation

benefits for seven consecutive weeks. The order of the Commission affirming the Appeals Tribunal's decision is reversed.

## Factual and Procedural History

On May 21, 2002, a Division deputy determined that Claimant was overpaid benefits in the amount of $5,141.00 for the week ending March 24, 2001, and the period beginning with the week ending May 19, 2001, through the week ending September 29, 2001. The week ending March 24, 2001 was Claimant's waiting week. The deputy ruled that Claimant was: (1) overpaid for the waiting week because Claimant was not paid unemployment benefits for nine consecutive weeks as required by section 288.040.1(4); and (2) overpaid from the period of May 19, 2001, to September 29, 2001, because he violated section 288.380.9, RSMo 2000, by "willfully fail[ing] to disclose ... any fact which would have disqualified him or rendered him ineligible for benefits during such week," namely that Claimant quit his employment at Waller Truck Company effective May 14, 2001, was discharged by Callaghan Trucking for misconduct connected with his work effective June 30, 2001, and was ineligible for benefits from June 24, 2001, to September 29, 2001, because he was not able to work as required by section 288.040.1(2).

Claimant appealed the deputy's findings to the Appeals Tribunal. On July 16, 2002, the Appeals Tribunal Referee (the "Referee") conducted a hearing. The Referee issued his decision modifying the deputy's decision on July 19, 2002. In his decision, the Referee reversed the deputy's determination that Claimant quit his job at Waller Truck Company and that he was discharged for misconduct from Callaghan Trucking. The Referee affirmed the deputy's determination that Claimant was ineligible to receive benefits from June 24, 2001, to September 29, 2001, because he was unable to work. For that time period, the Referee determined that Claimant was overpaid unemployment benefits of $3,475.00.

The Referee further found that Claimant was not overpaid for his waiting week benefit because Claimant received unemployment benefits for nine consecutive weeks beginning April 22, 2001, and ending June 23, 2001. Additionally, the Referee found that Claimant had been overpaid a total of $500 for the weeks ending June 16 and June 23, 2001[1] because Claimant had earnings in excess of his weekly unemployment benefit amount during those two weeks. This brought the amount of unemployment benefits that Claimant was overpaid to $3,975.00

On August 19, 2002, the Division filed a timely Application for Review of the Referee's decision with the Commission. The Commission affirmed the Referee's decision on September 13, 2002. This appeal followed.

## Standard of Review

 Chapter 288, the Missouri Employment Security Law governs this case. The Commission affirmed and adopted the findings and conclusions of the Appeals Tribunal, effectively making the decision of the Appeals Tribunal its own decision for the purpose of judicial review. *Lou Stecher, Inc. v. Labor & Indus. Relations Comm'n*, 691 S.W.2d 936, 938 (Mo.App. E.D.1985) (citing *Poggemoeller v. Indus. Comm'n*, 371 S.W.2d 488, 498 (Mo.App. 1963)). In reviewing a decision of the

---

1. *Claimant was paid $250.00 in unemployment benefits for the week ending June 16* and the week ending June 23, 2001.

Commission, an appellate court may not substitute its judgment on factual matters for the Commission. *Madewell v. Div. of Employment Sec.*, 72 S.W.3d 159, 162 (Mo. App. W.D.2002). Section 288.210 governs appellate review of Commission decisions in unemployment compensation cases and provides, in relevant part:

> The findings of the commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the appellate court shall be confined to questions of law. The court, on appeal, may modify, reverse, remand for rehearing, or set aside the decision of the commission on the following grounds and no other:
>
> (1) That the commission acted without or in excess of its powers;
>
> (2) That the decision was procured by fraud;
>
> (3) That the facts found by the commission do not support the award; or
>
> (4) That there was no sufficient competent evidence in the record to warrant the making of the award.

Substantial evidence is evidence that has probative force on the issues and from which the trier of fact can reasonably decide the case. *Travelers Equities Sales, Inc. v. Div. of Employment Sec.*, 927 S.W.2d 912, 917 (Mo.App. W.D.1996) (citing *Nettie's Flower Garden, Inc. v. S.I.S., Inc.*, 869 S.W.2d 226, 231 (Mo.App. E.D. 1993)). A reviewing court is not bound by the Commission's conclusions of law, including statutory interpretation. *Id.* (citing *Div. of Employment Sec. v. Hatfield*, 831 S.W.2d 216, 218 (Mo.App. W.D.1992)). The court interprets and determines the legislative intent of the Missouri Employment Security law. *Id.* (citing *Div. of Employment Sec. v. Labor & Indus. Relations Comm'n*, 617 S.W.2d 620, 622 (Mo.App. W.D.1981)). The facts are undisputed in this case and as such, the issue to be decided is not whether the Commission's decision is supported by competent and substantial evidence but rather whether the Commission properly applied the law to the facts before it. *Laclede Gas Co. v. Labor & Indus. Relations Comm'n of Mo.*, 657 S.W.2d 644, 649 (Mo.App. E.D.1983). Whether the facts of a particular case fall within the meaning of a statute is a question of law. *Lou Stecher, Inc.*, 691 S.W.2d at 939 (citing *Haynes v. Unemployment Comp. Comm'n*, 353 Mo. 540, 183 S.W.2d 77, 80 (1944)).

## Analysis

In its sole point on appeal, Appellant asserts that the Commission erred in calculating the amount of benefits that Claimant was overpaid. Specifically, Appellant claims that Claimant was overpaid for waiting week benefits because Claimant was only paid unemployment benefits for seven consecutive weeks instead of the statutory nine consecutive weeks required for entitlement to the waiting week benefits.

Section 288.040.1(4) states the eligibility of a Claimant to waiting week benefits. A claimant is considered eligible for waiting week benefits if he or she receives unemployment benefits for a period of nine consecutive weeks. § 288.040.1(4), RSMo 2000. Section 288.040.1(4), RSMo 2000, governs waiting week benefits and provides, in pertinent part:

> Prior to the first week of a period of total or partial unemployment for which the claimant claims benefits he has been totally or partially unemployed for a waiting period of one week.... The one-week waiting period shall become compensable after unemployment during which benefits are payable for nine consecutive weeks.

Waiting week is defined by the statute as "the first week of unemployment for which a claim is allowed in a benefit year . . ." § 288.030.1(27), RSMo 2000. The Referee, whose findings were adopted by the Commission, determined that "the nine-week period had commenced effective April 22, 2001 and continued through June 23, 2001." The Referee also ruled that Claimant was entitled to receive his waiting week credit because he had satisfied the nine-week consecutive payable benefit requirement. He concluded, therefore, that Claimant was not overpaid $250.00 in waiting week benefits.

■ The Referee also found that Claimant was not entitled to receive $500.00 in benefits for the weeks ending June 16 and June 23, 2001, because he earned more than his weekly benefit amount during those weeks. This finding is inconsistent with the Referee's earlier finding that Claimant received nine consecutive weeks of unemployment benefits. Because the Referee determined that the nine week period began on April 22, 2001, or the week ending April 28, 2001, the eighth and ninth consecutive weeks were the weeks ending June 16, 2001, and June 23, 2001, respectively. The Referee determined that Claimant was overpaid for these two weeks because he earned more than his unemployment benefits. If Claimant was overpaid for these two weeks, then he did not receive unemployment benefits for nine consecutive weeks. Rather, Claimant received unemployment benefits for seven consecutive weeks or from the week ending April 28, 2001, to the week ending June 9, 2001. Seven consecutive weeks of unemployment is insufficient to satisfy the statutory nine-week requirement for obtaining waiting week benefits.

■ The Commission ruled that the Appeals Tribunal decision was supported by competent and substantial evidence and was in accordance with Missouri Employment Security Law. As noted, however, whether the facts of this case fall within the meaning of section 288.040.1(4) is a question of law. Lou Stecher, Inc., 691 S.W.2d at 939 (citation omitted). "The primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words used in their plain and ordinary meaning." Wolff Shoe Co. v. Dir. of Revenue, 762 S.W.2d 29, 31 (Mo. banc 1988). The statute does not define the term "consecutive." When a statute does not define a term, the plain and ordinary meaning of the word is applied. § 1.090, RSMo 2000. The plain and ordinary meaning of a word is derived from the dictionary. Martinez v. State, 24 S.W.3d 10, 16 (Mo.App. E.D. 2000) (citing Abrams v. Ohio Pac. Express, 819 S.W.2d 338, 340 (Mo. banc 1991)). Consecutive is defined as "following, especially in a series . . . having no interval or break, continuous." Webster's Third New International Dictionary 482 (1993). Because Claimant was overpaid benefits for the eighth and ninth week, he did not receive unemployment benefits for nine consecutive weeks as required by the statute. Claimant, thus, was not entitled to waiting week benefits of $250.00. Accordingly, Claimant was overpaid unemployment benefits in the amount of $4,225.00, representing overpayments for: (1) waiting week benefits of $250.00; (2) unemployment benefits of $3,475.00 from June 24, 2001, to September 29, 2001; and (3) unemployment benefits of $500.00 for the weeks ending June 16 and June 23, 2001.

■ The Commission erred in affirming the Appeals Tribunal's decision. The Appeals Tribunal incorrectly applied section 288.040.1(4) to the facts of this case. "When an administrative agency's decision is based on the agency's interpretations of

law, the reviewing court must exercise unrestricted, independent judgment and correct erroneous interpretations." *Burlington Northern R.R. v. Dir. of Revenue*, 785 S.W.2d 272, 273–74 (Mo. banc 1990) (citing *Daily Record Co. v. James*, 629 S.W.2d 348, 351 (Mo. banc 1982) (citation omitted)). As a matter of law, Claimant was not entitled to waiting week benefits in the amount of $250.00 because he was not paid unemployment compensation benefits for nine consecutive weeks. Appellant's sole point on appeal is granted.

For the reasons stated in this opinion, the Commission's order is reversed, and the case is remanded with directions to conform its order to this opinion.

All concur.