**Brittani GARDNER, Appellant,**

v.

**DIVISION OF EMPLOYMENT SECURITY, Respondent.**

No. ED 97740.

Missouri Court of Appeals, Eastern District, Division One.

June 26, 2012.

Jerina Phillips, St. Louis, MO, for appellant.

Larry R. Ruhmann, Jefferson City, MO, for respondent.

## OPINION

CLIFFORD H. AHRENS, Presiding Judge.

Claimant Brittani Gardner appeals from the decision of the Labor and Industrial

Relations Commission determining that she was ineligible to receive unemployment benefits because she was not unemployed. Claimant contends that the Commission erred in its application of the law as it relates to claimants working part-time while seeking full-time employment. We reverse and remand.

## Background

Claimant began receiving unemployment benefits after she was discharged from her position with State Farm Insurance in February 2011. After two unsuccessful months searching for work, in early April Claimant accepted a commission-only position selling insurance for the Daniel Miller Agency. The Agency provided office space for its agents for up to 40 hours per week. On average, Claimant worked just over 30 hours per week for the first two weeks of training and approximately 22 hours per week over the next four months, all the while continuing to search for other employment. During that same period, there were some weeks when Claimant logged no hours at all while searching and interviewing for employment. During her last month with the Agency, she worked 16–18 hours per week and contacted five to eight potential employers per week.[1] Her job search still fruitless, Claimant ultimately left the Agency in mid-August with intentions to relocate closer to family and pursue other avenues.

During this time, Claimant continued to receive the unemployment benefits ensuing from her discharge from State Farm, adjusted down to account for her limited earnings from the Agency. Claimant's renewal application in July 2011 resulted in a declaration of retroactive ineligibility and the present appeal. In her application, she explained as follows:

> I am currently selling property and casualty insurance as a 1099 employee through a placement agency with Daniel Miller Ins. .... 22 hours up to 40 hours a week.... I am not required to work a certain number of hours.... I am looking for insurance administration/office work.... I consider this employment with Daniel Miller Insurance as just a fill-in until I can find a full time job.... If I were to find this kind of job I would leave work with Daniel Miller.

Based on the foregoing, a deputy for the Division determined that Claimant became ineligible for benefits when she began her position with the Agency, stating: "The claimant is not unemployed. She spends 22–40 hours a week selling insurance. Ineligible beginning 4–3–11."

Claimant sought review in the Appeals Tribunal and was the sole witness before the hearing officer. In her testimony, she clarified that, although the Agency provided office space up to 40 hours per week, aside from the two weeks of training when she logged 32–33 hours, she only logged an average of 22–23 hours per week, with

---

1. When Claimant accepted work with the Agency, its office was within walking distance of her residence. Shortly after she completed her training, the office moved 10 miles away such that Claimant was spending on fuel nearly as much as she was earning in commissions. In her last month of work, the Agency lost access to a database of potential customers on which Claimant primarily relied for sales calls. We note these circumstances to provide context for the reader, but we cannot consider them as part of the record on appeal because they were not articulated to the Tribunal. Claimant offered these additional details, along with a week-by-week log of her work hours, in a signed statement accompanying her application for review before the Commission. Although section 288.200.1 permits the Commission to hear additional evidence, in this case Claimant, acting *pro se*, did not comply with the procedural requirements of 8 CSR 20–4.010 to adduce these specifics.

weeks in between that she didn't work at all, and down to 16–18 hours in the last month. Claimant reiterated that she only took the Agency job to "fill in" while she looked for full-time employment, stating, "I needed something, you know, anything in the meantime while I found something else."

The Appeals Tribunal affirmed the deputy's determination that Claimant was ineligible for unemployment benefits. In its decision, the Tribunal found the following facts: Claimant spent 22 to 40 hours per week selling insurance; Claimant contacted an average of four prospective employers each week in an effort to find work; and Claimant decided to leave the Agency because she found it unprofitable. In its conclusions of law, the Tribunal observed that, to be eligible for benefits, a claimant must be available for work, so any individual who spends substantially his full time in an attempt to produce income cannot be considered unemployed.[2] The Tribunal then reasoned that Claimant could not be considered unemployed because she spent a substantial portion of her time selling insurance, which removed her from the labor market. While recognizing that Claimant was conducting an active and earnest job search, the Tribunal ultimately concluded that Claimant not available for work and therefore ineligible for benefits. Because the Tribunal found that Claimant's work for the Agency was substantially full-time, it did not consider her eligibility for partial benefits.

The Commission affirmed and adopted the decision of the Tribunal without further findings or conclusions. Claimant appeals, asserting that the Commission erred in that § 288.060.3 RSMo provides for par-

tial benefits while a claimant seeks full-time employment.

## Standard of Review

This court may modify, reverse, remand for rehearing, or set aside the decision of the Commission when: (1) the Commission acted without or in excess of its powers; (2) the decision was procured by fraud; (3) the facts found by the Commission do not support the award; or (4) there was no sufficient competent evidence in the record to warrant the making of the award. § 288.210. Absent a showing of fraud, we view the factual findings of the Commission as conclusive so long as they are supported by competent and substantial evidence. § 288.210. In determining whether competent and substantial evidence was presented, we do not view the evidence and inferences therefrom in the light most favorable to the award; rather, we objectively review the entire record, including evidence and inferences contrary to the award. *Hubbell Mechanical Supply Co. v. Lindley*, 351 S.W.3d 799, 807 (Mo. App.2011) (quoting *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220 (Mo. banc 2003)). We are not bound by the Commission's conclusions of law or its application of the law to the facts. *Id.*

## Discussion

Section 288.040 provides that a claimant who is unemployed shall be eligible for benefits only if she is able to work and available for work. § 288.040.1(2). To be deemed available, a claimant must be actively and earnestly seeking work. *Id.* Here, the Commission found that, although Claimant was actively and earnestly seeking work, she was spending substantially her full-time selling insurance for the

---

**2.** Citing *Bryant v. Labor and Industrial Relations Comm'n*, 608 S.W.2d 524 (Mo.App. 1980), discussed below.

Agency, so she was not unemployed and thus not available for work as required by the statute.

▮ In her sole point, Claimant asserts that the Commission erred as a matter of law by failing to apply section 288.060.3, which allows claimants working part-time to recover partial unemployment benefits while they seek full-time employment. By framing her point as an error of law, Claimant strategically seeks to invoke this court's *de novo* review. However, Claimant's point necessarily challenges the Commission's underlying factual finding that she was employed essentially full-time. As stated *supra*, we defer to the Commission's factual findings as conclusive so long as they are supported by substantial and competent evidence from the entire record. The Commission's decision should not be overturned unless it is contrary to the overwhelming weight of the evidence. *Hubbell*, 351 S.W.3d at 807.

Here, the Commission's finding that Claimant worked full-time, and that she was therefore unavailable for work, is indeed contrary to the overwhelming weight of the evidence. In finding that Claimant worked full-time, the Commission had to rely solely on Claimant's initial generalization (in her renewal application) that her hours ranged from 22–40 per week. This statement, read in a vacuum, might support that finding. However, our review of the entire record reveals no evidence that Claimant ever worked full-time and substantial competent evidence that she actually worked part-time. As recited above, Claimant corrected her initial estimate when she testified before the Tribunal. She indicated that she worked 32–33 hours in the first two weeks of training, then 22–23 hours per week for the next three months, with "a couple weeks in between that [she] didn't work" at all, then 16–18 hours per week in the last month before

separation. Despite this testimony, the Tribunal insisted that Claimant worked 22–40 hours per week. Additionally, the record establishes unequivocally that Claimant was "available for work" throughout her time with the Agency. Even in her renewal application to the deputy, she explained that the Agency job was "just a fill-in" that she was prepared to abandon immediately upon finding full-time employment. Her subsequent testimony before the Tribunal reiterates her intentions to this effect.

Viewing the entire record as our standard of review demands, we are compelled to conclude that the Commission's critical findings that Claimant worked "substantially full-time" and was therefore "unavailable for work" are not supported by substantial competent evidence and are contrary to the overwhelming weight of the evidence.

▮ Proceeding, then, based on the actual facts in this particular record that Claimant worked only part-time and was readily available for work, next we must determine whether, as the Division suggests, Claimant is still ineligible for benefits because she was self-employed. In support of this proposition, the Division cites *Bryant v. Labor and Industrial Relations Comm'n*, 608 S.W.2d 524 (Mo.App. 1980). In that case, the claimant was a lawyer who was laid off when his legal aid office closed due to economic circumstances. He declined two job offers from other legal aid offices and instead started his own law practice. He spent his full time attempting to grow his practice, but he had no clients, no business during various portions of the claimed period, and little income. Simply put, he sought unemployment benefits because his practice was unprofitable. The Commission found the claimant ineligible for benefits, and the Western District affirmed its reasoning:

[I]t is the purpose of the Employment Security Law to provide for payment of benefits to persons unemployed through no fault of their own, and not to provide a supplemental income to self-employed individuals.... The claimant must, in fact, be available for work, and any individual who spends his full time in any endeavor entered in an attempt to produce income cannot be said to be unemployed.

*Id.* at 529.

Applying *Bryant* to the present case, the Division argues that, like lawyers, insurance agents are self-employed professionals and, as such, are ineligible for unemployment benefits to supplement their income. As a factual matter, the record is unclear whether Claimant was considered employed or self-employed, and the Commission made no definitive determination on this issue. But furthermore, by focusing on Claimant's tax status, the Division misses the central point of *Bryant* that, "to be eligible, a claimant must clearly possess a genuine attachment to the labor market and be *able, willing, and ready to accept suitable work.*" *Id.* at 529. (emphasis added) Here, unlike Mr. Bryant who declined two viable job offers, the record leaves no doubt that Claimant was genuinely attached to the labor market and was willing and ready to accept suitable work. The Tribunal specifically acknowledged that Claimant continued to conduct an active and earnest job search throughout her period with the Agency. Additionally, while Mr. Bryant confirmed that his practice was a full-time endeavor, all data points in the record here confirm that Claimant's endeavor was a part-time "fill-in."

We find more relevant authority in *DeLong's, Inc. v. Purcell,* 965 S.W.2d 376 (Mo.App.1998), cited by Claimant. There, the claimant had been employed full-time as a comptroller and treasurer for his employer, but he also worked part-time as a self-employed certified public accountant. After his termination, he filed for benefits and continued to work part-time as a CPA while he sought another full-time position. The Commission found that Mr. Purcell was eligible for benefits because he was not self-employed on a full-time basis. The employer appealed, relying on *Bryant* to argue that Mr. Purcell was not available to work because he was devoting his full-time efforts to his self-employed accounting practice. The Western District rejected that argument because the record demonstrated that Mr. Purcell operated his accounting practice only on a part-time basis while he actively sought full-time employment. As such, he remained "available for work" as required by section 288.040.1(2). *Id.* at 379.

Both *Bryant* and *DeLong's* articulate the principle that "one who devotes his time to the practice of a profession by which a living is customarily earned cannot be said to be unemployed." *DeLong's,* 965 S.W.2d at 378 (quoting *Bryant,* 608 S.W.2d at 529). "Any individual who spends his full time in any endeavor entered in an attempt to produce income cannot be said to be unemployed." *Id.* Viewed in comparison, these cases instruct that the ultimate determination of entitlement for partial benefits is driven by the particular factual circumstances demonstrated by the record in a given case. Here, unlike *Bryant* and similar to *DeLong's,* the record firmly establishes that Claimant's insurance activity was actually part-time, that she was actively and earnestly seeking full-time employment, and that she was unequivocally "available for work" as required by the statute. As such, following Missouri precedent, on these particular facts we must conclude that Claimant remained eligible for partial benefits pursuant to section 288.060.

## Conclusion

We reverse the Commission's decision and remand for a determination of benefits consistent with this opinion.

ROY L. RICHTER and GARY M. GAERTNER, JR., JJ., concur.