

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

MARY REED,                          )
                                    )
                    Appellant,      )
                                    )
                                    )   **WD78096**
v.                                  )
                                    )
                                    )   **OPINION FILED:**
                                    )   **September 1, 2015**
DIVISION OF EMPLOYMENT              )
SECURITY,                           )
                                    )
                                    )
                    Respondent.     )

### Appeal from the Labor and Industrial Relations Commission

**Before Division II:**  Thomas H. Newton, Presiding Judge, and
Victor C. Howard and Mark D. Pfeiffer, Judges

Mary Reed ("Claimant") appeals the ruling of the Labor and Industrial Relations Commission ("the Commission"), denying her application for unemployment benefits.  We reverse the Commission's decision and remand with instructions for the Commission to calculate the unemployment benefits due to Claimant.

### Factual and Procedural Background

Claimant had worked for her former employer for six years servicing vending machines when her employer terminated her on February 10, 2014, due to a reduction in machine servicing jobs.  During her employment tenure with her former employer, Claimant's hours were flexible

which allowed her to schedule her work days and hours as necessary to help care for her elderly parents, who were in hospice care. Claimant filed for unemployment benefits on February 13, 2014, seeking benefits from February 9, 2014.

As part of the process of seeking unemployment compensation, Claimant completed a self-evaluation questionnaire sent to her by the Division of Employment Security ("the Division"). On the questionnaire, while Claimant answered that she was available for work Monday through Friday, from 8:00 a.m. to 5:00 p.m., she also checked the box indicating that she was seeking part-time work. A Division employee, who completed a "Statement" on Claimant's behalf, clarified in notes of a conversation with Claimant that Claimant was seeking employment of thirty hours or less per week so that she could care for her elderly parents. The "Statement" also said that Claimant understood that thirty hours per week constituted full-time employment. This Division employee's name is not on the "Statement," and the "Statement" is not signed by Claimant. On April 25, 2014, the Division determined that Claimant was ineligible for unemployment benefits because she had not been available for work in that she was only seeking part-time work.

On April 28, 2014, Claimant wrote a letter to the Appeals Tribunal, stating that the Division employee with whom Claimant had spoken "may have misunderstood our conversation and has determined me ineligible incorrectly." The letter continues:

> I had been working on a part-time and full-time basis for the last 6 years at my last employer. I had a flexible hours schedule whereas I could arrange my workdays and hours as I wanted. Since my termination on February 10, 2014, I have been searching for full-time work, but I would also work part-time again, if that is all I can find. However, I have never, in any conversation, specified to any job contact that I wanted anything but full-time work.[1] If possible, I would prefer

---

[1] On appeal, Claimant submitted, as an appendix to her brief, her "Work Search Record" logging the numerous employers she had contacted about finding work and their responses (which is consistent with her clarification letter to the Division). We do not, however, consider this work search log as evidence, because it was not provided to the Commission and is, thus, not part of the record on appeal. *See Olson v. Christian Cty.*, 952

2

not to work a 3rd shift (11 p.m. to 7 a.m.). I have also never specified any shift preference to any prospective employer.

Claimant received a telephone hearing with a hearing officer for the Appeals Tribunal. At the telephone hearing, which occurred after Claimant had obtained *full-time* employment, but while she was still helping to care for her elderly parents, Claimant testified that she did not know why she had checked "part-time" on her questionnaire "unless I—see I work a flexible hours job right now and I didn't see any check mark for—area where it says flexible." She testified:

> I was available for, uh, Monday through Friday work, um, I was—I—the contacts that I, uh, made for work at no time, you know, did I ever request from anyone that I was looking for part-time work. I was looking for whatever work I could find. Um, I never specified to any contacts that I—that I wanted anything other than full-time work and I—and if—if it was possible I didn't wanna have to work a third shift, if possible, you know. And I did talk with, uh, Career's person about that and they said that that wouldn't—they would not require a person to have to work a third-shift job.

The Division employee who took Claimant's "Statement" did not testify, nor was this person identified at the hearing.

Following the hearing, the Appeals Tribunal, and later the Commission, found that Claimant was not entitled to receive unemployment benefits because she was determined to have been unavailable for work during the time for which she sought benefits in that Claimant had only been looking for part-time work (which, of course is entirely inconsistent with the *full-time* employment she had *actually* accepted at the time of her administrative appeal). Claimant appeals.

---

S.W.2d 736, 738 (Mo. App. S.D. 1997) ("Documents or other exhibits never presented to or considered by the trial court [or, in this case, the administrative tribunal] may not be introduced into the record on appeal.").

3

**Standard of Review**

The decision of the Commission may be modified, reversed, remanded for rehearing, or set aside by this court if: (1) the Commission acted without or in excess of its powers; (2) the decision was procured by fraud; (3) the facts found by the Commission do not support the award; or (4) there is not sufficient competent evidence in the whole record to warrant the making of the award. § 288.210.[2] In determining whether sufficient competent evidence supports the award, or, in essence, whether "the award is contrary to the overwhelming weight of the evidence," we do not view the evidence and inferences therefrom in the light most favorable to the award. *Johnson v. Div. of Emp't Sec.*, 318 S.W.3d 797, 800 (Mo. App. W.D. 2010) (quoting *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 223 (Mo. banc 2003)). "Instead, we objectively review the entire record, including evidence and inferences drawn therefrom that are contrary to, or inconsistent with, the Commission's award." *Id.*

**Analysis**

A claimant who is unemployed is eligible to receive benefits only if she is able to work and is available for work. § 288.040.1(2). To be deemed available for work, the claimant "must be actively and earnestly seeking work." *Gardner v. Div. of Emp't Sec.*, 369 S.W.3d 109, 112 (Mo. App. E.D. 2012).

Here, the Commission found that Claimant was unavailable for work because she was seeking only part-time work. The evidence supporting the Commission's conclusion consists of Claimant's questionnaire, which was ambiguous as to her availability: although she stated that she was available to work Monday through Friday from 8:00 a.m. to 5:00 p.m., she checked only the box indicating that she was available to work "part-time." In addition, the "Statement," completed by an employee of the Division, suggests that Claimant told the Division employee

---

[2] All statutory references are to RSMo 2000, as updated by cumulative supplements.

that she was only seeking employment of thirty hours or fewer per week so that she could care for her elderly parents. Although Claimant attempted to clarify the meaning of her questionnaire and her "Statement" by letter to the Appeals Tribunal and in her administrative hearing testimony, the Commission found her testimony to be "not persuasive." Determination of witness credibility is left to the Commission, not to the reviewing court. *Burns v. Labor & Indus. Relations Comm'n*, 845 S.W.2d 553, 555 (Mo. banc 1993). Though it seems somewhat illogical that the Commission would conclude that Claimant was only seeking *part-time* employment when, *in fact*, she had already accepted *full-time* employment at the time of her administrative appeal, we must accept the Commission's credibility determination.

That said, there simply is nothing in Missouri's unemployment compensation statutes requiring an unemployed person, in every instance, to seek exclusively a strict forty-hour-per-week work schedule for such a person to be deemed "available for work." Section 288.040 does not expressly mandate that the claimant must seek a forty-hour-per-week job in order to be determined eligible for benefits. "'Available' for work is not defined in the statute for the reason that its meaning will vary dependent upon each claimant's circumstances." *Rives v. Labor & Indus. Relations Comm'n*, 592 S.W.2d 252, 253 (Mo. App. E.D. 1979). Thus, the Commission's legal conclusion that an unemployed person who is seeking "part-time" employment (whether or not thirty hours per week even constitutes "part-time" employment) is automatically ineligible for unemployment compensation is, as a matter of law, erroneous. Instead, the case law focuses on a variable meaning of "availability" depending upon the context of unique circumstances of each unemployment compensation case.

We note that the Commission has previously determined that a job-seeker who was working "22 to 40 hours per week selling insurance" was ineligible for benefits because she was

working "substantially full-time." *Gardner*, 369 S.W.3d at 112.[3]  Similar to the Commission's own practice of defining the parameter of what constitutes full-time employment, Claimant testified that she considered her previous job, which was approximately thirty hours per week with flexible hours to be full-time.  Claimant also testified that she had, at the time of her Appeals Tribunal hearing, obtained "full-time" employment, even though she was still caring for her elderly parents at the time of the administrative appeal.  There is no evidence that Claimant's new "full-time" employment was a forty-hour set-schedule position, as opposed to the more flexible-hour position that she had held before and which apparently existed in the open labor market of her employment community.

The Division contends that unemployment cases involving college students are analogous, and require us to conclude that Claimant was not available for work.  "Generally, the fact that a benefits claimant is a full time student raises a rebuttable presumption that he is not 'available for work' and therefore ineligible."  *Morris v. Labor & Indus. Relations Comm'n*, 573 S.W.2d 439, 441 (Mo. App. 1978).  This is because full-time students (or even part-time students for that matter) are often searching for work only when they are free from their class schedule.  For example, in *Morris*, the claimant was only available for work three days per week.  *Id.*  In *Golden v. Industrial Commission of Missouri*, 524 S.W.2d 34 (Mo. App. 1975), the claimant was required to be in class every day until 12:20 p.m.  The courts in these cases found that the claimants' absolute unavailability to work for large fixed chunks of the work week rendered them unavailable for work per the statute.

---

[3] *Gardner* was reversed because the Eastern District of this court determined that the overwhelming weight of the evidence established that the claimant worked far fewer than 22-40 hours per week, and that some weeks the claimant did not work at all.  *Gardner v. Div. of Emp't Sec.*, 369 S.W.3d 109, 113 (Mo. App. E.D. 2012).  The court did not conclude, however, that the Commission's determination that 22-40 hours per week would have been substantially full time was an erroneous finding by the Commission.

Claimant's situation is entirely different. Claimant did *not* have any fixed times or blocks of time when she was not available for work in any given work week. She consistently demonstrated that she was available for work Monday through Friday, from 8:00 a.m. to 5:00 p.m. She only requested flexibility to deal with her parents' needs, if and when they arose.[4] However, she was offering the same flexibility to her employer to be able to work most any time of the work week when she was needed by the employer. This apparently was not problematic in the Claimant's employment community, where both her job before she sought benefits and her job after the period for which she sought benefits allowed her these minor accommodations to attend to her parents' potential needs. Claimant demonstrated that, in the period during which she was unemployed, she was available to accept employment—whether thirty hours per week *or more*. Thus, where "availability for work" depends upon each claimant's circumstances, *Rives*, 592 S.W.2d at 253, we conclude that the circumstances and an objective review of the whole record of evidence in this case do not support the Commission's determination that Claimant was not available for work; instead, we conclude that an objective review of the circumstances and entire record of this case reflect that Claimant was, in fact, available for work as a matter of law.

Claimant's point is granted.

### Conclusion

For the reasons stated in our ruling today, we reverse the decision of the Commission and remand this matter to the Commission for the Commission to calculate the amount of

---

[4] As an aside, we note that Claimant's dedication to her elderly parents' needs—while also juggling her earnest desire to be gainfully employed (as demonstrated by her *actions*) to support both her parents and herself—is precisely the sort of person that the unemployment security system should be supporting with gratitude and respect (and compensation benefits) as opposed to the fashion in which Claimant has been treated thus far.

unemployment benefits that Claimant is due, to be determined in accord and consistent with today's ruling.

_____
Mark D. Pfeiffer, Judge

Thomas H. Newton, Presiding Judge,
and Victor C. Howard, Judge, concur.