In the Missouri Court of Appeals
 Eastern District
 DIVISION TWO
DELLA SCHEUMBAUER, ) No. ED109260
 )
 Claimant/Appellant, ) Appeal from the Labor and
 ) Industrial Relations Commission
 vs. )
 )
CITY OF ST. LOUIS, )
 )
 Employer/Respondent , )
 )
 and )
 )
DIVISION OF EMPLOYMENT SECURITY, )
 )
 Respondent. ) Filed: September 28, 2021

 OPINION

 Della Scheumbauer (Appellant) appeals the decision of the Labor and Industrial

Relations Commission (Commission) denying her unemployment benefits after finding she was

neither totally nor partially unemployed. We affirm.

 Factual and Procedural Background

 In 2019, Appellant began working 40 hours per week for the City of St. Louis (City).

During this time, Appellant worked a second job at a dental office. As a result of CDC guidelines

in response to the Covid-19 pandemic, Appellant was furloughed at the dental office in March of

2020. Despite ending her employment at the dental office, Appellant continued to work at the

City but never hid this fact from the Division of Employment Security (Division). On March 29,
Appellant filed a claim for unemployment benefits with the Division, listing the dental office as

her last employer. On March 31, the Division accepted Appellant’s unemployment claim and

began issuing Appellant unemployment payments.

 On April 8, the City responded to a request for information from the Division, indicating

Appellant was still employed as an active full-time employee and there had not been any changes

in Appellant’s work hours. In a statement obtained from Appellant by the Division on May 14,

Appellant stated she filed for unemployment to recover the income from her employment at the

dental office and did not realize the weekly reports were supposed to include her employment

with the City. On May 15, a deputy for the Division determined Appellant was ineligible for

unemployment benefits because she was not unemployed.1

 Appellant appealed the deputy’s determination to the Division’s Appeals Tribunal. On

June 25, the Appeals Tribunal held a hearing by telephone. Appearing on her behalf, Appellant’s

husband testified Appellant worked 40 hours per week for the City. On June 26, the Appeals

Tribunal denied Appellant’s appeal, finding Appellant was “not unemployed” and thus ineligible

for benefits for the period from March 29 through May 9. The Appeals Tribunal reasoned

Appellant was “fully employed” because she “was still working forty hours per week” at the

City.

 Appellant appealed the Appeal Tribunal’s decision to the Labor and Industrial Relations

Commission (Commission). On September 18, the Commission affirmed the Appeal Tribunal’s

decision, finding Appellant was neither totally nor partially unemployed from the City and

therefore ineligible for benefits from March 29 through May 9. While the Commission noted

Appellant’s employment at the dental office was “not a relevant issue to this determination,” it

1
 Appellant was required to repay the overpaid benefits she received during the period she was ineligible.

 2
remanded the case to the Division’s deputy to determine whether Appellant may be eligible for

federal unemployment benefits considering she was laid off from her second job due to the

coronavirus pandemic.

 Point Relied On

 In her sole point on appeal, Appellant claims the Commission erred in finding she was

not entitled to unemployment benefits because the facts found by the Commission did not

support its conclusion. Specifically, Appellant claims the Commission erred in determining the

loss of Appellant’s second job was irrelevant to its decision that Appellant was neither totally nor

partially unemployed.

 Standard of Review

 On appeal, this court reviews the entire record to determine whether the Commission’s

findings of fact are supported by competent and substantial evidence. Knobbe v. Artco Casket

Co., Inc., 315 S.W.3d 735, 739 (Mo. App. E.D. 2010). We review questions of law, including the

application of the law to the facts, de novo. Id. We will affirm the Commission’s decision unless

(1) the Commission acted without or in excess of its powers; (2) the decision was procured by

fraud; (3) the facts found by the Commission do not support the award; or (4) the record lacks

sufficient competent evidence to support the award. Norath v. Div. of Emp. Sec., 490 S.W.3d

792, 794 (Mo. App. E.D. 2016) (citing § 288.210).2 When there is no factual dispute and the

issue is the construction and application of a statute, the case presents an issue of law that this

court reviews de novo. Billings v. Div. of Emp. Sec., 399 S.W.3d 804, 806 (Mo. banc 2013)

(quoting Difatta-Wheaton v. Dolphin Cap. Corp., 271 S.W.3d 594 (Mo. banc 2008)).

2
 All statutory references are to RSMo. 2016 unless otherwise indicated.

 3
 Discussion

 At its core, the issue before us is whether Appellant’s 40-hour-per-week employment by

the City constituted full-time employment and thus rendered Appellant neither totally nor

partially unemployed, regardless of her employment status at the dental office.

 The Missouri Employment Security Law, codified in Chapter 288 of the Missouri

Revised Statutes, governs Appellant’s claim and provides the applicable definitions for total and

partial unemployment. According to § 288.030.1(28)(a), “[a]n individual shall be deemed

‘totally unemployed’ in any week during which the individual performs no services and with

respect to which no wages are payable to such an individual.” “[A]n individual shall be deemed

‘partially unemployed’ in any week of less than full-time work if the wages payable to such

individual for such week do not equal or exceed the individual’s weekly benefit amount plus

twenty dollars or twenty percent of his or her weekly benefit amount, whichever is greater.” §

288.030.1(28)(b). Indeed, to determine whether Appellant was partially unemployed, we must

determine whether her employment with the City was less than “full-time,” a term undefined in

this context by both the statute and Missouri case law.3

 The “primary rule of statutory interpretation is to give effect to the legislative intent as

reflected in the plain language of the statute at issue.” SEBA, LLC v. Dir. of Revenue, 611

S.W.3d 303, 316 (Mo. banc 2020). “Absent statutory definition, words used in statutes are given

their plain and ordinary meaning.” Id. The plain and ordinary meaning of a word may be derived

3
 Missouri case law does not provide an explicit definition for full-time employment in terms of hours. However, in
Gardner v. Division of Employment Security, this court alluded to an amount of hours constituting full-time
employment not inconsistent with our holding in the present case. 369 S.W.3d 109, 113 (Mo. App. E.D. 2012).
Specifically, this court noted that 22 to 40 working hours per week “might support” a finding that the claimant was
employed full-time. Id. Ultimately, this court found the Commission’s decision that the claimant worked
“substantially full-time” – or 22 to 40 hours per week – was not supported by substantial competent evidence.
Instead, the evidence showed the claimant worked a fluctuating schedule comprising of 32 to 33 hours per week for
the first two weeks, 22 to 23 hours per week for the following three months, several weeks of no work, and 16 to 18
hours per week in the last month before separation. Id.

 4
from the dictionary. Id.; Kader v. Bd. of Regents of Harris-Stowe State Univ., 565 S.W.3d 182,

187 (Mo. banc 2019); Div. of Emp. Sec. v. Dolan, 103 S.W.3d 918, 922 (Mo. App. W.D. 2003).

Courts may also consider “statutes involving related subject matter if such statutes provide

necessary definitions or shed light on the meaning of the statute being construed . . . even though

the statutes are found in different chapters and were enacted at different times.” SEBA, LLC, 611

S.W.3d at 316 (internal citations omitted).

 Webster’s Third New International Dictionary (3d ed. 2002) defines “full time” (noun) as

“the amount of time considered the normal or standard amount for working during a given

period” and “full-time” (adjective) as “employed for or working the amount of time considered

customary or standard.” According to Black’s Law Dictionary (11th ed. 2019), a “full-time

employee” is “[o]ne who is hired to work at least the normal hours in a workweek as defined by

an employer or statute, usu. 35 to 40 hours.” Given the widely recognized notion in modern

Western society that a 40-hour workweek equates to full-time employment, we hold Appellant’s

employment with the City constituted full-time employment in the customarily accepted sense of

the term.

 This interpretation of the normal, standard, or customary number of working hours per

week is consistent with definitions provided by related federal statutes and government agencies

in similar fields as the Division.4 For example, the Patient Protection and Affordable Care Act, as

codified in the Internal Revenue Code, defines the term “full-time employee” as “with respect to

any month, an employee who is employed on average at least 30 hours of service per week.” 26

USC § 4980H(c)(4)(A). The Coronavirus Aid, Relief, and Economic Security Act adopts that

4
 See SEBA, LLC, 611 S.W.3d at 317 (finding it appropriate to apply a federal income tax law provision’s definition
of negligence to a state income tax law provision). While not binding, these references to federal statutes,
regulations, and definitions are persuasive and inform our analysis.

 5
same definition. H.R. 748, 116th Cong. § 2301(c)(3)(A)(ii) (2020). Similarly, the U.S. Bureau of

Labor Statistics classifies “full-time workers” as “those who usually work 35 or more hours per

week.”5 In construing a provision of the Federal Insurance Contributions Act exempting certain

employees from taxation, the U.S. Department of Treasury issued regulations providing that

“[t]he determination of whether an employee is a full-time employee is based on the employer’s

standards and practices, except regardless of the employer’s classification of the employee, an

employee whose normal work schedule is 40 hours or more per week is considered a full-time

employee.” 26 C.F.R. § 31.3121(b)(10)-2(d)(iii). These definitions support those provided by the

dictionary and reflect the commonly accepted standard that a 40-hour workweek surely

constitutes full-time employment.

 Moreover, the City itself, in response to the Division’s request for information, classified

Appellant as “an active full-time employee.” See Full-Time Employee, BLACK’S LAW

DICTIONARY (11th ed. 2019) (“. . . as defined by an employer or statute . . .”); 26 C.F.R. §

31.3121(b)(10)-2(d)(iii) (“. . . whether an employee is a full-time employee is based on the

employer’s standards and practices . . .”).6 We find this especially persuasive in the instant case.

 Without drawing a line as to where full-time employment ends and part-time employment

begins in terms of working hours, we hold a 40-hour workweek is full-time as it applies to claims

for unemployment benefits under Chapter 288. Because Appellant was employed full-time

during all relevant times and thus ineligible for unemployment benefits under Chapter 288, the

5
 Labor Force Statistics from the Current Population Survey: Concepts and Definitions, U.S. BUREAU OF LABOR
STATISTICS, http://www.bls.gov/cps/definitions.htm (last visited Sept. 16, 2021).
6
 See also Full-Time Employment, U.S. DEPARTMENT OF LABOR, https://www.dol.gov/general/topic/workhours/full-
time (last visited Sept. 16, 2021): “The Fair Labor Standards Act (FLSA) does not define full-time employment or
part-time employment. This is a matter generally to be determined by the employer.”

 6